No. 74,288

STATE OF KANSAS, *Appellee,* v. GREGORY D. WALKER, *Appellant.*

(926 P.2d 218)

Opinion filed October 25, 1996.

*Thomas Jacquinot*, special appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Doyle Baker*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is the second time this case has been before this court. In *State v. Walker*, 252 Kan. 117, 843 P.2d 203 (1992), this court affirmed the district court's order authorizing the State to prosecute Walker as an adult and affirmed his jury convictions of two counts of aggravated kidnapping, two counts of aggravated assault, and one count each of aggravated criminal sodomy, aggravated arson, and aggravated burglary. Walker's sentence of life imprisonment was suspended pursuant to his post-appeal motion to modify sentence, and he was placed on probation at the Youth Center at Topeka. The State's motion to revoke probation for violations of the conditions of probation was granted. Walker's

motion to modify the probation revocation was denied. Walker appealed.

Walker's convictions arose out of several incidents in which a group of young men and boys bullied and brutalized their neighbors. On July 20, 1990, they threw a Molotov cocktail through a window of an occupied apartment, setting fire to the interior. The next evening the group entered an apartment without permission, beat the occupants, threatened to kill them, and sexually assaulted a woman.

After his convictions were affirmed by this court, Walker filed a motion to modify his sentence. District Court Judge Karen Humphreys, who presided at the jury trial and imposed the original sentence of life imprisonment, granted the motion and placed Walker "on probation from the confinement portion of the sentence for a period of five (5) years." The court ordered that he reside at the Youth Center at Topeka until the age of 21. Among the terms and conditions imposed on the probation by the district court was the following: "That the defendant shall remain within the area of the State of Kansas, and the Youth Center at Topeka (YCAT), unless permission to leave is first obtained from this Court." The sentence was modified in March 1993.

In June 1994, the State filed in the district court a motion for revocation of Walker's probation. The following violations of the conditions of probation were alleged:

"1. That the defendant failed to remain within the area of the Youth Center at Topeka (Y.C.A.T.) and did so without the permission of the Court;
"2. That the defendant failed to abide by all rules and regulations of Y.C.A.T."

The following facts were stipulated by the parties: On May 1, 1994, Walker traveled from Topeka to Wichita with another YCAT resident and two females, aged 14 and 15. Walker was authorized to be off the YCAT campus from 8 a.m. to 8 p.m. that day to participate in a mentorship program, but he was not authorized to travel to Wichita. Walker returned to YCAT by 8 p.m. on May 1, 1994. "The trip to Wichita was taken in a vehicle rented by an off-duty YCAT staff person."

The parties also stipulated that Walker left the YCAT campus without written authorization on June 4, 1994. Walker was not permitted to leave the campus without authorization. Testimony at the hearing established that after his request to leave the campus was denied by the director of Walker's cottage, he convinced an inexperienced YCAT employee to let him leave without written authorization.

The second district court judge to become involved in this case, Paul W. Clark, determined that Walker violated the conditions of his probation on May 1 and June 4, 1994. Furthermore, the judge concluded that Walker "freely, voluntarily violated his probation" on those two occasions. Thus, he concluded: "To me the best thing to do for everybody concerned, based upon the evidence submitted by stipulation, based upon the evidence presented in testimony, is to revoke the probation and impose the sentence originally imposed by Judge Humphreys." The journal entry revoking Walker's probation was signed by Judge Clark and filed on October 11, 1994.

On November 4, 1994, Walker filed a motion seeking modification of the revocation of probation. On January 3, 1995, an order denying the motion to modify was filed. It was signed by Judge David W. Kennedy. On January 18, 1995, Walker filed his notice of appeal.

We first consider if we have jurisdiction to consider the issue raised by Walker. The State contends that this appeal should be dismissed for lack of jurisdiction to consider the issue briefed by Walker because it differs from the ruling designated in the notice of appeal. Walker's statement of the issue briefed on appeal may be paraphrased as follows: District Judge Clark violated due process guarantees and abused his discretion by revoking Walker's probation for "minor and technical violations" of the conditions imposed on him. Walker's notice of appeal states that he is "appealing the Order of District Court Judge David Kennedy overruling defendant's motion to modify the order of revocation of defendant's probation."

The State correctly notes that the district court ruling that is the subject of the issue briefed by the defendant does not share precise identity with the ruling designated in the notice of appeal. The

question for the court is whether the discrepancy between the district court's revoking probation and refusing to modify the revocation deprives this court of jurisdiction.

For the proposition that the court lacks jurisdiction to consider a ruling that is not identified in the notice of appeal, the State cites *State v. G.W.A.*, 258 Kan. 703, 706-07, 906 P.2d 657 (1995). In that case, we held: " 'It is a fundamental proposition of Kansas appellate procedure that an appellate court obtains jurisdiction over the rulings identified in the notice of appeal.' *Hess v. St. Francis Regional Med. Center*, 254 Kan. 715, 718, 869 P.2d 598 (1994)." 258 Kan. at 706. There, the State's notice of appeal designated the district court's judgment of acquittal as the ruling appealed from. Although the State is not permitted to appeal from a judgment of acquittal, the State may appeal on a question reserved. This court stated: "The notice of appeal was limited and specific and cannot be read to include an appeal on a question reserved. Because the only ruling referred to in the notice of appeal is one which is not subject to appellate review, this court lacks jurisdiction." 258 Kan. at 707. Thus, the appeal was dismissed for lack of jurisdiction.

*G.W.A.* involved an appeal by the prosecution in a criminal matter. Such appeals are tightly restricted by statute. In contrast, appeals by defendants in criminal matters are much less restricted. See K.S.A. 22-3602(a). Unlike the judgment of acquittal designated by the State as the ruling appealed from in *G.W.A.*, the ruling referred to in Walker's notice of appeal is not precluded from appellate review. K.S.A. 21-4603(d)(1) provides that the revocation of probation may be modified, and K.S.A. 22-3602(a) provides that "an appeal . . . may be taken by the defendant as a matter of right from any judgment against the defendant in the district court." In addition to providing a broader scope of review for defendants than for the State, 22-3602(a) may be read as diminishing any requirement for specificity in a defendant's notice of appeal. After providing that a defendant may take an appeal as a matter of right from any adverse judgment, the statute continues: "[A]nd upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed."

Here, it is quite apparent from Walker's designation in the notice of appeal of the order denying his motion to modify revocation of probation that the subject of his appeal is revocation of his probation. The same cannot be said for the State's notice of appeal in *G.W.A.* There, the court stated: "[I]f [we] did independent research and read the record, we could conclude that the State was appealing a question reserved. We think the State must give more guidance in its notice of appeal than that given in this case." 258 Kan. at 707.

The State also relies on *State v. Grant*, 19 Kan. App. 2d 686, 875 P.2d 986, *rev. denied* 255 Kan. 1005 (1994). After being sentenced to 1 to 5 years' imprisonment for one count of forgery, Grant filed a notice of appeal, which stated that he appealed from "denial of his Motion to Modify Sentence." 19 Kan. App. 2d at 687. Later, when the case had been assigned to the Appellate Defender's office, an amended notice of appeal was filed out of time. It purported to include imposition of sentence in the review. In response to the Court of Appeals' order to show cause, Grant argued that the amended notice related back, that trial counsel was ineffective, and that "under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), a defendant is entitled to pursue an out-of-time appeal where his trial counsel fails to timely perfect an appeal." 19 Kan. App. 2d at 687. The arguments were to no avail. Applying the rule that an appellant is bound by the issues raised in the notice of appeal, the Court of Appeals dismissed "[t]he portion of Grant's appeal encompassed by the amended notice of appeal." 19 Kan. App. 2d at 692-93. This court denied review.

It is apparent, however, from the balance of the Court of Appeals' opinion that the merits of issues other than the denial of the motion to modify were considered and rejected. See 19 Kan. App. 2d at 695-701. Here, Walker was clearly asserting error in the district court's decision to revoke his probation. That was true whether he designated it a motion to modify or directly appealed from the order of revocation. As a practical matter, the result would be the same, *i.e.*, setting aside the revocation and allowing Walker to remain on probation. We do not find *Grant* to be dispositive of this appeal. We are not persuaded by the State's argument, and find

that the notice of appeal was sufficient to include the trial court's revocation of Walker's probation. We, therefore, have jurisdiction to consider the district court's revocation of Walker's probation.

A probationer may not have his or her probation revoked unless it is made to appear that the probationer has failed to comply with the conditions of probation. *Swope v. Musser*, 223 Kan. 133, Syl. ¶ 2, 573 P.2d 587 (1977). Once there has been evidence of violation of the conditions on which probation was granted, revocation is in the sound discretion of the district court. 223 Kan. at 136. Thus, this court's task is to determine whether the district court's action was "arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court." *State v. Van Winkle*, 256 Kan. 890, 897, 889 P.2d 749 (1995).

Walker does not contend that the conditions of his probation were not violated. He does contend that revocation of his probation is a disproportionately harsh punishment for his violations. He argues that he "substantially complied with the probation order" and that his culpability for the violations should be mitigated due to the complicity of the YCAT staff.

Walker relies on *Black v. Romano*, 471 U.S. 606, 85 L. Ed. 2d 636, 105 S. Ct. 2254 (1985), for the principle that the conditional liberty interest created by probation cannot be taken away without consideration of the circumstances surrounding a violation of the conditions of probation. There was a lengthy hearing in the present case at which two witnesses testified for the State, four witnesses testified for the defense, and counsel made opening statements and closing arguments. Walker does not complain that the procedure was wanting. Clearly, the court considered the circumstances surrounding his violations. Walker's position is that sufficient weight was not given the mitigating circumstances surrounding his violations and, thus, the trial court violated substantive due process requirements in revoking his probation.

We do not find support for that position in *Black v. Romano*. There, the Supreme Court stated: "The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation."

471 U.S. at 610. The minimum procedural safeguards required by due process are outlined in *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972). Neither decision, however "purports to restrict the substantive grounds for revoking probation." *Black*, 471 U.S. at 611. The Court noted in *Black* that *Bearden v. Georgia*, 461 U.S. 660, 76 L. Ed. 2d 221, 103 S. Ct. 2064 (1983), "recognized substantive limits on the *automatic* revocation of probation where an indigent defendant is unable to pay a fine or restitution." (Emphasis added.) 471 U.S. at 611. The Court further elaborated that

"*Bearden* acknowledged this Court's sensitivity to the treatment of indigents in our criminal justice system and, after considering the penological interests of the State, concluded that 'depriv[ing] the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine' would be 'contrary to the fundamental fairness required by the Fourteenth Amendment.' *Id.*, at 673 . . . .

"We need not decide today whether concerns for fundamental fairness would preclude the automatic revocation of probation in circumstances other than those involved in *Bearden*." 471 U.S. at 614-15.

Where, as here, there is discretion to continue or revoke probation, the "probationer is entitled to an opportunity to show not only that he did not violate the conditions, but also that there was a justifiable excuse for any violation or that revocation is not the appropriate disposition." 471 U.S. at 612. A probationer who has been afforded these opportunities, as Walker was, is not entitled to more as a matter of substantive due process. 471 U.S. at 613-15.

Walker's contention that government complicity in the violations should excuse his conduct is, likewise, not persuasive. From his perspective, it appears that he is being punished for doing what YCAT staff members made it possible for him to do. In the first incident, his trip to Wichita was made possible by a staff member's renting a car and making it available to him for the trip. In the second incident, his unauthorized absence from campus was made possible by a staff member's permitting him to leave, and he spent the time at a staff member's house. Nonetheless, Walker freely and

willingly went to Wichita and left the campus. Thus, his culpability is not diminished by the active participation of others. With respect to the other participants being those in charge of his custody, Walker has offered no authority for that circumstance requiring a different rule. If Walker were an adult inmate in the custody of the Department of Corrections, prison guards' participation would have no mitigating effect on Walker's conduct. Although there may be circumstances in which an adolescent's reliance on the judgment of adult staff members might excuse his actions, neither of the incidents in which Walker violated the conditions of his probation fits in that category. He could not have mistaken using his day pass to drive to Wichita with a friend and two young females for participating in a mentorship program, which is the activity for which the pass was issued. Thus, the staff member's providing a means of transportation should not exculpate Walker. In the other incident, he manipulated an inexperienced staff member into assisting him in leaving campus for the evening. There is no contention that Walker was not fully aware that his conduct was in violation of the rules. We do not find that the district court abused its discretion in revoking Walker's probation.

Affirmed.