NOT DESIGNATED FOR PUBLICATION

No. 113,605

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM ANTHONY SALLEE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Opinion filed March 25, 2016. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Robert A. Walsh*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before PIERRON, P.J., BRUNS and GARDNER, JJ.


*Per Curiam*: William Sallee appeals from the district court's revocation of his probation and the imposition of his underlying prison sentence. Finding no abuse of discretion, we affirm.


In February 2014, Sallee pleaded no contest to possession of a controlled substance. The district court sentenced Sallee to 18 months' probation with an underlying 17-month prison sentence. That October, the State filed a motion to revoke Sallee's probation, alleging Sallee had failed to comply with the terms of his probation on several occasions. At the revocation hearing, Sallee's intensive supervision officer (ISO) testified

1

that, in addition to the violations alleged in the State's motion, Sallee had committed a new crime and had absconded from supervision.

Sallee testified that he had a drug addiction. He explained that his most recent attempts at treatment had been unsuccessful because he had stopped communicating with his recovery coach and Narcotics Anonymous sponsor and because he and his wife had separated, which caused him to fall into a deep depression. But Sallee stated that he could now be successful on probation because he realized that he needed to address other issues in his life in addition to his drug addiction. He requested that his probation be continued so he could attend an inpatient treatment program or that he be given a 120-day prison sanction.

The district court found that Sallee had violated the terms of his probation as alleged in the State's motion, had absconded, and had been convicted of a new crime. Noting that Sallee had 16 prior convictions and that he was accountable for his actions, the district court revoked Sallee's probation and imposed his underlying 17-month prison sentence. Sallee now appeals.

Sallee argues that the district court abused its discretion when it revoked his probation and imposed his underlying prison sentence. Specifically, he claims that other options were available and that the district court failed to properly consider his individual circumstances. Sallee also states that an alternative disposition would have better suited his needs because he could have received treatment not available in prison.

Once the State has proven that a probation violation has occurred, the decision to revoke the probation is within the sound discretion of the district court. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996). Judicial discretion is abused if (1) no reasonable person would have taken the view adopted by the court; (2) the action was based on an error of law; or (3) the action was based on an error of fact. *State v. Mosher*, 299 Kan. 1,

2

3, 319 P.3d 1253 (2014); see *State v. Carpenter*, No. 111,029, 2015 WL 770208, at *4 (Kan. App. 2015) (unpublished opinion), *rev. denied* 302 Kan. ___ (August 13, 2015) (finding the abuse of discretion standard still applies to disposition decision under K.S.A. 2013 Supp. 22-3716[c][9]). The party alleging an abuse of discretion bears the burden of proof. *State v. Decker*, 288 Kan. 306, 311, 202 P.3d 669 (2009).

Sallee's only argument on appeal is that the district court was not required to revoke his probation and, because of his individual circumstances, should have chosen an alternative disposition. But those individual circumstances include the following: Sallee was on probation because he pleaded no contest to possession of a controlled substance; while on probation, Sallee failed to attend a required class, failed to report to his ISO, tested positive for illegal substances, failed to submit to urinalysis testing, violated his curfew, and failed to serve jail sanctions; Sallee was also convicted of another drug offense and stopped reporting to his ISO, who could not contact him by phone or by mail. Even fully crediting Sallee's increased desire to change, we find that a reasonable person would have taken the view adopted by the district court. Sallee's desire for a treatment program and his realization that he needs to address issues other than his drug dependency do not alter that conclusion. Accordingly, we find that the district court's decision to revoke Sallee's probation and to impose his underlying prison sentence was not an abuse of discretion.

Affirmed.