NOT DESIGNATED FOR PUBLICATION

No. 115,156

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT A. BLURTON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Linn District Court; TERRI L. JOHNSON, judge. Opinion filed August 26, 2016.
Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*John S. Sutherland*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, C.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*:  Robert A. Blurton appeals the revocation of his probation. He claims
the district court abused its discretion when it revoked his probation and remanded him to
the custody of the Secretary of Corrections to serve his original sentence. The record
reflects many probation violations, including three new felony convictions in Bates
County, Missouri. Thus, we find no abuse of discretion and affirm the district court's
revocation of Blurton's probation. Affirmed.

1

In September 2014, Blurton pleaded guilty to unlawful possession of methamphetamine. The district court sentenced Blurton to 24 months' imprisonment but granted him supervised probation for 18 months with Community Corrections. The crime occurred while Blurton was on felony probation out of Miami County and misdemeanor probation in two cases from Linn County and one case from Anderson County.

On June 23, 2015, the State filed a motion to revoke Blurton's probation; it amended the motion twice to reflect additional probation violations. At the revocation hearing on November 9, 2015, Blurton's probation officer testified Blurton had been in contact with S.J., who was also on probation; he tested positive for amphetamine on June 8, 2015; he pleaded guilty in Bates County, Missouri, to 3 felony charges and received 5 years' probation; and he tested positive for methamphetamine on June 19, 2015. The probation officer recommended Blurton's probation be revoked and reinstated upon Blurton being ordered to serve a statutorily authorized jail sanction.

Blurton admitted he told his probation officer he would test positive for drugs and he had been convicted of new crimes in Missouri. Blurton requested the district court reinstate his probation so that he could live with his mother, get a job, complete a substance abuse evaluation, and follow the conditions of his probation. Blurton argued the district court should reinstate his probation upon serving an appropriate jail sanction because he had been honest with his probation officer about his drug use, his probation officer recommended a jail sanction, this was the first time he had been subject to revocation of his probation in this case, and he had been granted probation in the Bates County, Missouri, cases.

The district court found, based on the State's evidence and Blurton's own admissions, Blurton had committed new felonies while on probation. It also found the

2

public's safety would be jeopardized by imposing a jail sanction and then reinstating his probation because Blurton continued to commit crimes while on probation and had been given opportunities to deal with his drug addiction. Citing only K.S.A. 2015 Supp. 22-3716(c)(8), both at the hearing and in its journal entry, the district court revoked Blurton's probation and imposed the underlying 24-month prison sentence.

Blurton timely appeals.

ANALYSIS

On appeal, Blurton claims the district court abused its discretion when it revoked his probation and imposed his underlying prison sentence. He specifically argues the district court's decision was unreasonable because this was his first revocation hearing in this case; his probation officer recommended a jail sanction; and he testified that he would live with his mother, get a job, complete a substance abuse evaluation, and follow the conditions of his probation if it were reinstated.

Blurton admitted to multiple violations of his probation, including convictions for crimes in Bates County, Missouri, while on probation in this case. With these admissions, the State proved a probation violation had occurred, and the decision to revoke probation is within the sound discretion of the district court. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996). Judicial discretion is abused if: (1) no reasonable person would have taken the view adopted by the court; (2) the action was based on an error of law; or (3) the action was based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party alleging an abuse of discretion bears the burden of proof. *State v. Decker*, 288 Kan. 306, 311, 202 P.3d 669 (2009).

District courts are now required to first impose intermediate jail sanctions before revoking an offender's probation and imposing the underlying sentence, absent certain

3

exceptions. See K.S.A. 2015 Supp. 22-3716(c). A district court may revoke probation and impose the underlying sentence—without first imposing an intermediate sanction—if the offender commits a new crime, absconds from supervision, or if the court sets forth with particularity its reasons for finding the safety of the public will be jeopardized or the welfare of the offender will not be served by an intermediate sanction. K.S.A. 2015 Supp. 22-3716(c)(8)–(9). A jail sanction for a first probation violation is not guaranteed, and a district court may impose the underlying prison sentence "if it relies with specific findings on one of the reasons provided by statute." *State v. Harding*, No. 110,677, 2014 WL 3630554, at \*3-5 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1015 (2015).

Here, the district court found Blurton committed three new felonies in Bates County, Missouri, while on probation in this case. This finding alone was sufficient to revoke his probation. K.S.A. 2015 Supp. 22-3716(c)(8). Additionally, without specifically mentioning it, the district court considered the application of K.S.A. 2015 Supp. 22-3716(c)(9) when it found public safety would be jeopardized by imposing a jail sanction—even though his probation officer recommended it—since Blurton continued to commit crimes while on probation and had been given many opportunities for drug treatment. The district court complied with the requirements of K.S.A. 2015 Supp. 22-3716(c)(8)-(9), and did not have to consider jail sanctions pursuant to K.S.A. 2015 Supp. 22-3716(c)(1)(B), (c)(1)(C), and (c)(1)(D) before revoking his probation and imposing his original sentence. Given Blurton's probation track record, his other arguments are unpersuasive. The district court's decision to revoke Blurton's probation was not unreasonable, and we find no abuse of discretion. We affirm.

Affirmed.