NOT DESIGNATED FOR PUBLICATION

No. 115,170

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS
*Appellee*,

v.

JASON LEE ALBIN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed November 10, 2016. Reversed.

*Caroline Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *James Crux*, legal intern, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., LEBEN and GARDNER, JJ.


*Per Curiam*:  Jason Lee Albin appeals the revocation of his probation. After Albin pleaded guilty to aggravated sexual battery and was placed on probation, the court found him guilty of a new crime, so it revoked Albin's probation and imposed his underlying prison sentence. But we have recently found insufficient evidence to convict Albin of the new crime which served as the sole violation of his probation. Accordingly, we reverse.

1

In October 2012, Albin pleaded guilty to one count of aggravated sexual battery, a severity level 5 person felony. He was sentenced to 36 months' probation, with an underlying prison sentence of 34 months.

In May 2015, Albin was arrested, tried at a bench trial, and convicted of lewd and lascivious behavior. The revocation hearing began immediately following the district court's finding of guilt. The sole basis asserted by the State for revocation of probation was Albin's commission of a new crime. Albin stipulated that a finding of guilty on the new charge would constitute a probation violation but also requested that the district court reinstate his probation. The State opposed reinstatement, arguing that Albin's new conviction showed that he continued to have difficulty controlling his sexual urges and impulses. Albin's probation officer testified that Albin had completed a sex offender treatment program; that his appointments were being stepped down as he neared the end of his probation; and that he had taken that opportunity to commit another sex offense. Because there was nothing left to offer him, Albin's probation officer recommended that Albin serve his underlying prison sentence.

The district court denied Albin's motion for reinstatement, revoked his probation, and ordered Albin to serve his 34-month underlying prison sentence concurrent with his new 6-month sentence for lewd and lascivious behavior. Albin timely appeals, contending that the district court's decision to revoke his probation and impose his underlying prison sentence was unreasonable.

Probation is "'an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right.'" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven that the offender committed a probation violation, the decision to revoke probation is within the sound discretion of the district court. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996). A court abuses its discretion if:  (1) no reasonable person would have taken the view

adopted by the court; (2) the action was based on an error of law; or (3) the action was based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The offender bears the burden of proving an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

The sole basis for revocation of probation was Albin's commission of a new crime. Albin's conviction of that crime—lewd and lascivious behavior—has recently been reversed; thus, no probation violation has been shown. The revocation of Albin's probation must consequently be reversed.

Reversed.