NOT DESIGNATED FOR PUBLICATION

No. 115,922

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RUBEN A. NUNCIO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed July 14, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*:  In November 2013, Ruben Nuncio received a downward departure sentence for his two convictions for aggravated battery. He was sentenced to 50 months in prison for the first conviction and a consecutive 31 months in prison for the second, but he was granted probation for 36 months. His probation was supervised by community corrections.

In April 2015, Nuncio served a 3-day jail sanction for being out of placement from the community corrections residential program.

1

In December 2015, Nuncio was charged with misdemeanor transporting an open container, reckless driving, speeding, and driving while under the influence. At a hearing the following month, he admitted he had violated his probation. The district court revoked his probation and ordered him to serve his underlying sentence. Nuncio appeals, claiming the district court abused its discretion in revoking his probation and sending him to prison.

In considering this claim, we review the record for any abuse by the district court of its discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when the court's actions are: (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Nuncio bears the burden of proving the claimed abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Probation is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven by a preponderance of the evidence that the defendant committed a probation violation, the district court has the sound discretion to decide whether to revoke probation. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996).

The 2013 amendment to K.S.A. 22-3716 limits judicial discretion in probation revocation proceedings by requiring the district court to impose graduated sanctions prior to revocation, subject to certain exceptions. One of those exceptions to imposing a graduated sanction is when the defendant commits a new crime while on probation. See K.S.A. 2016 Supp. 22-3716(c)(8)(A) and (B). Here, Nuncio admitted to committing new crimes, alieving the court of the obligation to impose an intermediate sanction before sending Nuncio off to serve his underlying prison sentence.

Nuncio claims he was originally granted a departure sentence because of his mental illness. He asserts that while on probation he did not receive the mental health treatment he needed. He argues in his appellate brief that he "had completed the community corrections residential program and had successfully been on probation for over two years before he lapsed into his alcohol dependence." Thus, he claims to now send him off to prison is an abuse of the court's discretion.

But there was testimony that Nuncio was not eligible for the Sedgwick County Offender Assessment Program because his condition was not severe and persistent. Further, there was testimony that Nuncio was receiving appropriate treatment for his condition. In our review, we are not permitted to substitute our own evaluation of the weight and merit of the factual evidence before the district court in making its ruling. We are limited to the highly deferential abuse of judicial discretion standard of review.

Based on Nuncio's new crimes, the district court had the authority to revoke probation without imposing an intermediate sanction. Based on the record before us, in exercising that authority the district court was not arbitrary, fanciful, or unreasonable in revoking Nuncio's probation and ordering him to serve his underlying sentence. Nuncio fails to show any abuse of judicial discretion.

Affirmed.