NOT DESIGNATED FOR PUBLICATION

No. 116,736

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BENJAMIN WENDELL FAULKNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed November 3, 2017. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Daryl E. Hawkins*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN, J., and MERYL D. WILSON, District Judge, assigned.

PER CURIAM: Benjamin Wendell Faulkner argues that the district court abused its discretion by revoking his probation in 13 CR 215 because it denied him another chance at treatment for his long-term addiction. We disagree and affirm.

*Factual and procedural background*

In September 2016, Benjamin Wendell Faulkner admitted at a combined probation revocation hearing to having violated conditions of his probation in cases 13 CR 215 and 14 CR 262. The district court revoked his probation in both cases and ordered him to

1

serve the underlying sentences consecutively. Faulkner timely appealed both revocations, but the cases were not consolidated. This opinion concerns case 13 CR 215.

In case 13 CR 215, Faulkner pled guilty to possession of methamphetamine with intent to sell, distribute, or deliver—a severity level 3 drug felony—and fleeing or eluding a law enforcement officer—a severity level 9 person felony. The drug conviction was presumptive prison, but the district court granted a dispositional departure and placed him on probation for 36 months with an underlying prison sentence of 64 months. For the fleeing and eluding conviction, the district court ordered him to serve 10 consecutive weekends in county jail. The district court also ordered him to register as a drug offender pursuant to the Kansas Offender Registration Act (KORA). See K.S.A. 2016 Supp. 22-4905(b)(2).

The sentencing occurred on May 7, 2014, and the State brought a probation violation motion 15 days later because Faulkner had not yet registered under KORA and had failed to report for the second weekend of the jail sanctions for the fleeing-and-eluding conviction. The district court ordered a three-day "quick dip" in jail pursuant to the intermediate sanctions scheme. See K.S.A. 2016 Supp. 22-3716.

Faulkner's failure to register also resulted in a conviction in 14 CR 262. At the sentencing in that case, the district court granted a dispositional departure to 18 months' probation with an underlying 19-month prison sentence.

The State then moved for a second probation revocation hearing in 13 CR 215. At that hearing, the district court found that Faulkner failed to remain crime free (based on the conviction in 14 CR 262), failed to report as directed, failed to complete court-ordered drug/alcohol treatment, failed to make monthly payments, and had adulterated or falsified a drug screen. The district court imposed a 180-day "dunk" in prison as a sanction, pursuant to K.S.A. 2016 Supp. 22-3716(c)(1)(D).

In July 2016, the State moved to revoke probation in both cases based on violations of eight conditions of probation. Faulkner stipulated that he violated his probation—he had not reported to his intensive supervision officer, remained drug free, or submitted to urinalysis tests as requested by his intensive supervision officer; he had adulterated or falsified a drug screen; and he had failed to maintain full-time employment, to pay court costs, to complete drug/alcohol treatment, and to complete community service work. The district court found this was Faulkner's third revocation hearing in this case and he had already served two intermediate sanctions, so it revoked his probation in both cases. Faulkner was ordered to serve the underlying sentences consecutively—64 months in this case and 19 months in 14 CR 262.

*Standard of Review*

Faulkner's sole argument in this appeal is that the district court abused its discretion by not continuing his probation so that he could attend treatment for his drug addiction. Probation is an act of judicial grace, granted as a privilege and not as a right, unless otherwise provided by law. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Traditionally, the decision to revoke probation has been a matter committed to the sound discretion of the district court. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996).

The district court's discretion is limited by the 2013 amendments to K.S.A. 22-3716 which require, with few exceptions, that the district court impose a system of intermediate sanctions prior to the sanction of revocation. The district court followed that system in this case. This was the third probation violation proceeding. After the first hearing, the district court ordered a three-day "quick dip" jail sanction. After the second, the district court imposed a 180-day "dunk" in prison as a sanction pursuant to K.S.A. 2016 Supp. 22-3716(c)(1)(D).

Because this was Faulkner's third probation violation, the district court had the discretion to impose the underlying sentence. Judicial discretion is abused if the district court's action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Dobbs*, 297 Kan. 1225, 1232, 308 P.3d 1258 (2013). The party asserting the trial court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016), *disapproved on other grounds by State v. Cheever*, 304 Kan. 866, 375 P.3d 979 (2016). Absent a mistake of act or law, discretion is abused only when no reasonable person would take the view adopted by the district court. *State v. Woods*, 250 Kan. 109, 117, 825 P.2d 514 (1992). We apply that standard here.

*Analysis*

Faulkner acknowledges that the district court had statutory authority to impose the underlying 64-month prison sentence because he had already served intermediate sanctions for his two earlier probation violations in this case. He argues solely that revocation of probation was unreasonable because it denied him another chance at treatment for his long-term addiction. At the hearing, Faulkner argued that he has had a life-long struggle with drug and alcohol addiction and that continued probation would allow him to get treatment. Faulkner's counsel stated that arrangements had been made for placement in an inpatient treatment program in November if Faulkner remained on probation and that he could be placed at Oxford House until the bed at the treatment facility became available. Alternately, counsel requested that the district court hold Faulkner in custody until that bed became available.

The district court judge rejected these arguments, stating that he was familiar with Faulkner's history—he cited Faulkner's previous failure drug/alcohol treatment, his failure to submit to urinalysis tests, and his adulteration of a urine sample. The district court noted that this was Faulkner's third revocation hearing in this case, which is a

4

presumptive prison sentence. The district court noted that intermediate sanctions of a three-day quick dip and a 180-day dunk had already been imposed and revoked probation in this case and in 14 CR 262.

Faulkner has failed to show that the district court's action in this case was unreasonable. Finding no abuse of discretion in the district court's rejection of Faulkner's request for further chances at treatment, we affirm.