NOT DESIGNATED FOR PUBLICATION

No. 116,718

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BENJAMIN WENDELL FAULKNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed November 3, 2017. Reversed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Daryl E. Hawkins*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN, J., and MERYL D. WILSON, District Judge, assigned.

PER CURIAM: Benjamin Wendell Faulkner argues that the district court erred by revoking his probation in 14 CR 262 because this was his first violation in this case. We agree.

*Factual and procedural background*

In September 2016, Benjamin Wendell Faulkner admitted to violating conditions of his probation in cases 13 CR 215 and 14 CR 262 at a combined probation revocation hearing. The district court revoked his probation in both cases and ordered him to serve

1

the underlying sentences consecutively. Faulkner timely appealed both revocations, but the cases were not consolidated. This opinion concerns only case 14 CR 262.

The case underlying this appeal stems from Faulkner's failure to register as a drug offender pursuant to the Kansas Offender Registration Act (KORA), see K.S.A. 2016 Supp. 22-4905(b)(2), as ordered as part of sentencing in 13 CR 215. In that case, Faulkner pleaded guilty to possession of methamphetamine with intent to distribute and to fleeing or eluding a law enforcement officer. Although the drug conviction was presumptive prison, the district court granted a dispositional departure and placed him on probation for 36 months with an underlying prison sentence of 64 months. For the fleeing and eluding conviction, the district court ordered him to serve 10 consecutive weekends in county jail. The district court also ordered him to register as a drug offender pursuant to KORA.

Just two weeks after sentencing, the State brought a probation violation motion reporting that Faulkner had not yet registered under KORA and had failed to report for the second weekend of jail sanctions. The district court ordered a three-day "quick dip" in jail pursuant to the intermediate sanctions scheme. K.S.A. 2016 Supp. 22-3716.

Soon thereafter, Faulkner was charged in this case with failure to register under KORA. As part of a plea agreement, he pleaded guilty to a reduced charge of attempted violation of KORA. At sentencing, the district court found Faulkner had a criminal history score of B and that a special rule applied because Faulkner had committed this new felony while on felony probation. The district court granted a dispositional departure to 18 months' probation with an underlying sentence of 19 months.

The State then moved for a second probation revocation hearing in 13 CR 215. The district court found Faulkner violated the conditions of his probation by having a new conviction, failing to report as directed, failing to complete court-ordered

2

drug/alcohol treatment, failing to make monthly payments, and adulterating or falsifying a drug screen. The district court imposed a 180-day "dunk" in prison as a sanction, pursuant to K.S.A. 2016 Supp. 22-3716(c)(1)(D).

Later, the State moved to revoke probation in both cases based on violations of eight conditions of probation. Faulkner stipulated that he violated his probation—he had not reported to his intensive supervision officer, remained drug free, or submitted to urinalysis tests as requested by his intensive supervision officer; he had adulterated or falsified a drug screen; and he had failed to maintain full-time employment, to pay court costs, to complete drug/alcohol treatment, and to complete community service work. The district court found this was Faulkner's third revocation hearing in 13 CR 215 and he had already had a three-day quick dip and a 180-day dunk, so it revoked Faulkner's probation in both cases. Faulkner was ordered to serve the underlying sentences consecutively—64 months in 13 CR 215 and 19 months in this case. Faulkner appeals, arguing that the district court erred by revoking his probation in 14 CR 262 because this was his first violation in this case.

*Preservation of the issue*

Faulkner acknowledges that he did not raise the issue of intermediate sanctions in the district court, but he argues that an exception applies because application of K.S.A. 2016 Supp. 22-3716(c) to the district court's rulings involves only a question of law and is finally determinative of the issue (citing *State v. Lane*, No. 111,110, 2015 WL 802739, at *3 [Kan. App. 2015] [unpublished opinion]).

As a general rule, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Several exceptions to this general rule exist, however, including:  (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the

case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the trial court relied on the wrong ground or assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

To avoid dismissal, an appellant must invoke an exception and explain why an issue not raised below should be considered for the first time on appeal. Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34). Litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015); *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014) (finding that Rule 6.02[a][5] means what it says and is ignored at a litigant's own peril).

Faulkner acknowledges that he failed to raise the issue to the district court, and he relies on *Lane* to invoke an exception. We agree that this case raises a question of law— the interpretation of K.S.A. 2016 Supp. 22-3716—and that this interpretation will be dispositive. Given that, and the unique fact that Faulkner's probation was revoked at a combined hearing in which intermediate sanctions had already been applied in the other case (13 CR 215), we deem the issue adequately preserved and reach the merits. See *Lane*, 2015 WL 802739, at *3-4.

*Standard of Review*

Probation is an act of judicial grace, granted as a privilege and not as a right, unless otherwise provided by law. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Traditionally, the decision to revoke probation has been a matter committed to the sound discretion of the district court. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996). Now, though, the discretion of the district court is limited by the 2013 amendments to K.S.A. 22-3716, which require, with few exceptions, that the district

4

court impose a system of intermediate sanctions prior to the sanction of revocation. Judicial discretion is abused if the district court's action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. The offender bears the burden of proving an abuse of discretion. *State v. Dobbs*, 297 Kan. 1225, 1232-33, 308 P.3d 1258 (2013).

*Analysis*

Faulkner argues that the district court abused its discretion by revoking probation upon the first violation in this case, without imposing intermediate sanctions. K.S.A. 2016 Supp. 22-3716(c)(1)(E)(2) provides that no offender shall be required to serve any time on his or her original sentence unless he or she has already had at least one prior sanction imposed. However, the statute provides three exceptions to this rule. A district court may revoke an offender's probation without imposing intermediate sanctions if (1) the offender commits a new felony or misdemeanor while on probation; (2) the offender absconds from supervision; or (3) the district courts sets forth particularized findings that the safety of the public would be jeopardized if the offender remains on probation or that the welfare of the offender would not be served if he or she remains on probation. K.S.A. 2016 Supp. 22-3716(c)(8)(A) and (B); K.S.A. 2016 Supp. 22-3716(c)(9).

The district court did not specify a statutory basis for its revocation in 14 CR 262. Faulkner argues that none of the exceptions applies—he did not commit a new felony after this conviction, he did not abscond from supervision, and the district court did not make the particularized findings required by K.S.A. 2016 Supp. 22-3716(c)(9) to support revocation based on public safety or offender welfare. We agree.

When findings are required to be set forth with particularity, they must be detailed and distinct rather than general or conclusory. See *State v. Huskey*, 17 Kan. App. 2d 237, 240, 834 P.2d 1371 (1992). Here, the district court simply found that Faulkner was not

5

"amenable to probation," and that it had "grave concerns about [Faulkner] being out in society." These conclusory statements are insufficient. See, e.g., *State v. Wesley*, No. 111,179, 2015 WL 3868716, at \*4-5 (Kan. App. 2015) (unpublished opinion) (holding district court's statement that defendant's crimes "'were person crimes, and the crimes themselves demonstrate some disregard for public safety'" was insufficient to support a 22-3716 [c][9] revocation). The statute requires the district court to articulate some specific reasons for those conclusions.

The district court did not make the particularized findings necessary under K.S.A. 2016 Supp. 22-3716(c)(9), and it had no other statutory authority to revoke Faulkner's probation in this case. Thus, it abused its discretion. Accordingly, we reverse.