NOT DESIGNATED FOR PUBLICATION

No. 116,789

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH JEFFERY HAZLIP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed December 22, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: After Kenneth Jeffery Hazlip stipulated to violating his probation, the district court revoked his probation and reinstated it with the condition that Hazlip be supervised by community corrections. Hazlip appeals, arguing the district court abused its discretion by imposing sanctions for a first-time probation violation and then holding a later hearing and imposing sanctions for separate probation violations that were known to the probation officer at the time Hazlip was sanctioned for the first-time violation. Because the abuse of discretion standard is applicable here, we must affirm the district court's decision.

1

Hazlip pled guilty to burglary and theft on June 8, 2015. The district court imposed an underlying prison sentence of 13 months with 24 months' probation.

On January 12, 2016, Hazlip submitted to a urinalysis that tested positive for alcohol. In a form entitled Waiver of Right to Probation Violation Hearing dated that same day and signed by Court Services Officer (CSO) Stephanie Schneider, Hazlip acknowledged that (1) court services alleged he violated the conditions of his probation by failing to refrain from alcohol; (2) the allegation was based on the results of a urinalysis to which he submitted earlier in the day that reflected a .023 blood alcohol content; (3) he was admitting to the violation alleged; (4) court services would impose an intermediate sanction of 48 hours in the county jail based on this violation if he waived his right to the probation violation hearing to which he was entitled; and (5) he knowingly and voluntarily waived his right to the probation violation hearing to which he was entitled. As such, and pursuant to K.S.A. 2016 Supp. 22-3716(b)(4)(A), CSO Schneider ordered Hazlip confined to the county jail for 48 hours, to begin the next day, January 13, 2016, as an intermediate sanction for the alcohol related violation.

At 8:20 a.m. on January 13, 2016—less than 24 hours after he admitted to violating the conditions of his probation based on the urinalysis reflecting a .023 blood alcohol content, less than 24 hours after he waived his right to a hearing on that violation, and on the morning he reported to the county jail to serve the intermediate sanction of 48 hours—the district court issued an order for Hazlip to appear before the court on February 11, 2016, for the purpose of answering allegations that

- he violated the conditions of probation by failing to report to court services that he became unemployed in January 2015 and started receiving unemployment compensation benefits; and

2

- he failed to make any payments since October 2015 toward his court costs, fees, and fines as directed by the court.

At the February 11, 2016 probation revocation hearing on the failure to report change in employment and failure to make payments, Hazlip asked the court to quash the order to appear for probation violation. In support of this request, Hazlip began by noting to the court that all three of Hazlip's separate technical probation violations were known to court services on January 12, 2016, when he waived his hearing and agreed to a 48-hour intermediate sanction of 48 hours in the county jail. Citing to the general spirit and letter of the law set forth in K.S.A. 2016 Supp. 22-3716, Hazlip then argued that it was procedurally improper for court services to impose an intermediate sanction of 48 hours in the county jail while simultaneously asking the court for a later probation violation hearing on the other two violations.

The court took a recess to review the language in K.S.A. 2016 Supp. 22-3716. After the recess, the court concluded that the statute did not require court services or the court to consolidate the three probation violation allegations into one probation violation hearing for purposes of sanctions, regardless of whether court services was aware of all three violations when it chose to pursue the first one through the noncourt process provided in K.S.A. 2016 Supp. 22-3716(b)(4)(A) and then to later pursue the other two violations through the court process provided in K.S.A. 2016 Supp. 22-3716(b)(2). Relevant to its decision, the court noted each of the three allegations charged the violation of a separate and distinct condition of probation and that none of the three allegations were alleged to have occurred during the same time period. Specifically, the court pointed out that Hazlip had failed to make any payments since October 2015 toward his court costs, fees, and fines; had failed to report a change in employment on January 1, 2016; and submitted a positive urinalysis test on January 12, 2016.

Given the court's decision to deny his motion to vacate the notice to appear, Hazlip waived his right to a hearing and admitted that he violated his probation when he failed to report his change of employment and failed to make payments on court costs, fees, and fines. After finding that Hazlip violated his probation, the court revoked and reinstated Hazlip's probation with the condition that Hazlip be supervised by community corrections instead of court services.

ANALYSIS

This court reviews a district court's revocation of probation for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when the court's actions are: (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). The party asserting error bears the burden of proving an abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Once the State has proven by a preponderance of the evidence that the defendant committed a probation violation, the district court has the sound discretion to decide whether to revoke probation. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996). However, the district court is limited by the 2013 amendment to K.S.A. 22-3716, which requires that district courts impose a system of graduated sanctions prior to revocation. The district court may revoke a defendant's probation without imposing an intermediate sanction if the defendant commits a new felony or misdemeanor while on probation or absconds from supervision. K.S.A. 2016 Supp. 22-3716(c)(8)(A) and (c)(8)(B).

On appeal, Hazlip claims the district court erred by finding K.S.A. 2016 Supp. 22-3716 did not require consolidation of the three probation violation allegations against him into one probation violation hearing for purposes of sanctions. Hazlip argues the decision of court services to separate the probation violation allegations into separate proceedings

4

violated both the letter and the spirit of K.S.A. 2016 Supp. 22-3716 because it permitted court services to accelerate the severity of the intermediate sanctions available to the court upon finding a probation violation in the second proceeding.

Upon thorough review of K.S.A. 2016 Supp. 22-3716, we agree with the district court that the statute did not require court services or the court to consolidate the three probation violation allegations into one probation violation hearing for purposes of sanctions, even though court services was aware of all three violations when it chose to pursue the first one through the noncourt process provided in K.S.A. 2016 Supp. 22-3716(b)(4)(A). Given the chronology of events as set forth above, however, we do believe the better practice here would have been for CSO Schneider to have informed Hazlip when he waived his right to a probation revocation hearing on the first violation of the fact that she simultaneously was seeking a probation violation hearing and a higher level of graduated sanctions for two other alleged violations.

At the end of the day, however, Hazlip does not contest the fact that he violated his probation on three separate occasions by failing to make payments on court costs, fines, and fees since October 2015; by testing positive for alcohol on January 12, 2016; and by failing to report his change in employment on or around January 1, 2016. Nor does Hazlip dispute that he served a graduated sanction for testing positive for alcohol in the form of detention for 48 hours in the county jail. For these reasons, and because it was imposed at a subsequent hearing for probation violations unrelated to the positive blood alcohol test, we find the court did not abuse its discretion by revoking and reinstating Hazlip's probation with the condition that Hazlip be supervised by community corrections instead of court services.

Affirmed.