NOT DESIGNATED FOR PUBLICATION

No. 119,756

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUIS A. PORTILLO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed June 28, 2019. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Luis A. Portillo was placed on probation and twice received intermediate sanctions for probation violations. After Portillo violated probation again and was convicted in another case, the district court revoked Portillo's probation. But both the State and Portillo had jointly recommended that the court reinstate and extend probation. Portillo argues on appeal that the district court erred by doing so. Because Portillo does not show that the district court's revocation of his probation was an abuse of discretion, we affirm.

1

*Factual and Procedural Background*

In December 2014, Luis Portillo pleaded guilty to one count of violating offender registration, a severity level 6 person felony. The district court sentenced Portillo to 24 months of probation with an underlying prison sentence of 20 months.

But Portillo violated his probation. The district court first sanctioned Portillo for violating his probation by imposing a three-day "quick dip" in jail. Portillo then violated his probation again, and the district court sanctioned him with intermediate sanctions by ordering 180 days in prison. Portillo's violations leading to those two sanctions included testing positive for THC and methamphetamine, failing to report, failing to attend drug and alcohol treatment, and failing to attend mental health treatment.

After his release, Portillo committed new offenses, including offender registration violations and other probation violations. At the probation violation hearing which gives rise to this appeal, both the State and Portillo requested that the district court reinstate and extend Portillo's probation. Defense counsel explained that this agreement was, in part, because Portillo had provided the State "some valuable information for an important case."

The district court revoked Portillo's probation despite the joint request and imposed the underlying sentence of 20 months. In doing so, the district court noted that Portillo's past behavior while on probation indicated that he is not amenable to probation and that it found no substantial or compelling reasons to deviate from the presumed disposition of prison. Portillo appeals.

*Analysis*

The decision to revoke probation lies within the discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing that abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

A district court may revoke probation upon finding that the defendant violated the terms of probation. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996). The district court's discretion is limited by our statute that, at the time, generally required the district court to impose intermediate sanctions before revoking an offender's probation. See K.S.A. 2018 Supp. 22-3716(c)(1)(A)-(E).

Portillo argues that the district court abused its discretion by revoking his probation because a mitigating factor—his cooperation with the State by providing information for an important case—outweighed any reason to impose his underlying prison sentence. Portillo claims that the district court's revocation of his probation not only was detrimental to himself, but also was detrimental to the State "as defendants in Mr. Portillo's situation will be less likely to cooperate in 'important' investigations and prosecutions in the future."

We are unconvinced by Portillo's arguments. Portillo twice received intermediate sanctions in accordance with our statute before he committed more crimes and violated his probation again. Portillo had multiple opportunities to comply with his probation but failed to do so. He repeatedly violated the conditions of his probation by using methamphetamine and marijuana, failing to attend treatment as directed, failing to report

3

as directed, and committing new crimes. The district court was not required to give Portillo more intermediate sanctions. The decision rested in the district court's discretion and it exercised that discretion. Based on the record, reasonable persons could agree with the district court's decision to revoke Portillo's probation and to impose his sentence. Thus, we find no abuse of discretion.

Affirmed.