NOT DESIGNATED FOR PUBLICATION

No. 123,038

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LYNN CONRAD HASE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed January 22, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: Lynn Conrad Hase appeals from the district court's decision to revoke his probation and impose his original sentence. We granted Hase's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State did not file a response. Finding no abuse of discretion on the part of the district court judge, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Hase pled guilty to two counts of indecent solicitation of a child after the State dismissed seven other counts ranging from criminal sodomy and engaging in sexual intercourse with a child to indecent liberties—all with the same victim. Based on a lack of significant criminal history, he was categorized as presumptive probation. The district court imposed an aggravated presumptive sentence of 40 months in prison but released Hase on a 24-month probation term. At sentencing, both the victim and the victim's mother spoke as to how Hase's crimes had affected them. The victim described how Hase took her innocence away by sexually pursuing and manipulating her. She was 15 and he was over 30 years old—a family friend with children of his own. She explained to the district court that she lost her ability to trust others and to love herself and continues to suffer from the trauma of his actions. She worried about Hase's lack of boundaries, noting that the first time he abused her his children were in the house. She noted that "[t]hey pulled some 80 pages worth of text messages between he and I as evidence against him. If I were to read those messages he states exactly what he has done and what he wanted to do to me in the future."

The victim's mother also detailed the trauma, pain, and despair Hase caused to her family over several years—sentencing took place five years after the criminal events for which Hase pled guilty.

But just four months after sentencing, the State moved to revoke Hase's probation. The State alleged that Hase violated the terms of his probation by searching for pornographic material on his cell phone, possessing approximately 339 sexually oriented and pornographic images on his cell phone, sending pornographic images via text message, and sending sexually oriented text messages. Hase stipulated to these violations.

At the probation revocation hearing, Hase's counsel explained that Hase had a sex offender evaluation that indicated he would be a good candidate for therapy. Due to the COVID-19 pandemic, Hase could not begin sex offender treatment until the day of the revocation hearing. It is unclear why he had not started therapy sometime in the preceding five years. Hase's counsel also proffered that 282 of the 340 sexual photos in Hase's possession were of his wife. However, counsel for the State countered that there were many photos of young women that were not Hase's wife. The State could not say with certainty whether any of the young women were under the age of 18.

The district court revoked Hase's probation without imposing intermediate sanctions, finding that public safety would be jeopardized by continued probation. In ruling, the court noted that Hase's crimes were very serious, describing them as "among the most dangerous and damaging offenses as far as harm to the victim" due to the "emotional and lasting trauma." By committing multiple probation violations so soon after beginning probation, the court reasoned, Hase showed that he remained a risk for recidivism.

Hase appealed.

ANALYSIS

In his motion for summary disposition, Hase contends that the district court abused its discretion in revoking his probation. Specifically, he argues that the district court erred in not imposing one of the intermediate sanctions outlined in K.S.A. 2019 Supp. 22-3716(c)(1). Hase concedes that the court can bypass imposing intermediate sanctions when the court finds there is a danger to public safety. See K.S.A. 2019 Supp. 22-3716(c)(4). However, Hase argues that the court's public safety findings were unreasonable due to the mitigating circumstances surrounding the probation violations and because he desires to participate in available treatment.

3

Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Hase does not argue that the district court's decision was based on an error of fact or law. That leaves us with whether it was arbitrary, fanciful, or unreasonable. We find it was not.

The district court set forth with particularity its reasons for finding that continuing Hase on probation would jeopardize public safety. The judge clearly remembered the facts of the underlying offenses and the pain suffered by the victim and her family as relayed at the sentencing hearing.

"In this case we have what the court believes to be very dangerous, among the most dangerous and damaging offenses as far as harm to the victim that can be committed as far as an emotional and lasting trauma.

"The defendant should have certainly been aware of the fact that the plea agreement he reached to allow him not to go to prison for the offenses for which he was charged. The court finds the four offenses are all of a serious and violent nature; the search for pornographic material, the sexually oriented and pornographic images found on the phone with them being the majority his wife or not, and certainly sending pornographic images and text messages over the phone are clearly in violation of the corrections and the very strict conditions set on where we're dealing with sex offenders and special conditions.

"The court does take note of the fact the defendant finally did get an evaluation and, according to the defense counsel, he's a low to medium risk for recidivism. The court is not willing to take a statement that medium risk of recidivism is something the safety of the community would be, best be provided by. Certainly when we have a violation of corrections in such a short period of time following the sentence the court considers all four of the allegations the defendant admitted to, the fact that although he

4

can get into treatment he remains a risk for recidivism which he's already shown he's prone to commit.

> "The [appellate] court hopefully finds information I have before me at this time is enough to support the finding that the public safety would be jeopardized by the granting of a sanction other than execution of sentence. The sentence is hereby ordered executed."

Only four months after entering probation, Hase was participating in many of the same activities that caused him to be designated as a sex offender. Although, he had not been able to enter into treatment due to COVID, his probation was not revoked for his failure to enter treatment. He was revoked for his continued actions that showed he had not stopped his sexually deviant behavior. The district judge's concerns have been cited with approval by our Supreme Court as well as the United States Supreme Court.

> "Additionally, there are 'grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class. The risk of recidivism posed by sex offenders is "frightening and high."' *Smith v. Doe*, 538 U.S. 84, 103, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003) (quoting *McKune v. Lile*, 536 U.S. 24, 34, 122 S. Ct. 2017, 153 L. Ed. 2d 47 [2002])." *State v. Mossman*, 294 Kan. 901, 909-10, 281 P.3d 153 (2012).

"[S]upervised release helps incapacitate sex offenders by keeping them under the watchful eye of probation officers who may be able to detect problems before they result in irreparable harm to innocent children. *United States v. Williams*, 636 F.3d 1229, 1234 (9th Cir. 2011). Here, a problem was clearly detected, and the district court made sufficient findings to justify its finding that public safety would be jeopardized if Hase were simply afforded a statutory sanction. This was not an abuse of discretion.

We therefore affirm the district court's decision revoking Hase's probation and imposing his original sentence.

Affirmed.