(39 P.3d 95)

No. 86,250

STATE OF KANSAS, *Appellee*, v. DELBERT E. HAINES, *Appellant*.

Opinion filed January 18, 2002.

*Kathryn B. Wall*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Ian H. Taylor* and *Richard A. Olmstead*, assistant district attorneys, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before KNUDSON, P.J., PIERRON and GREEN, JJ.

KNUDSON, J.: Delbert E. Haines appeals the revocation of his probation approximately 18 years after his initial sentence was ordered. Haines contends the trial court denied Haines due process when it revoked his felony probation more than 16 years after the probation violation warrant was issued. Under the facts of this case, we hold Haines was denied due process. We reverse the judgment of the trial court and order termination of his probation.

In November 1982, Haines pled guilty to one count of attempted rape and a sentence of 3 to 10 years was imposed and a fine of $1,000 levied. Haines was placed on probation for 2 years, with out-of-state supervision contemplated upon suitable employment being secured.

Haines did find employment as an over-the-road truck driver and moved to Ohio. According to Haines, he was informed that if he paid off his fines and court costs, he would no longer be required to report. Haines maintains he gave money to his wife to send to Kansas for the fines and costs and she did not send the money.

On October 3, 1983, a warrant was issued for Haines for failure to pay the $1,000 fine and failure to report. According to the warrant, the Kansas probation office sent Haines letters to what was believed to be Haines' mother's house and his wife's house. By the time the letters were sent, the State was aware Haines' wife had left him. The letter from the mother's house was returned because of an insufficient address, and the letter to the estranged wife was not returned.

In 1999, Ohio officers responding to a disturbance at Haines' house and discovered the warrant. Haines returned to Kansas on his own accord and sought out information from the Sedgwick County Adult Probation Office. An employee of the office advised Haines he was in violation of his probation because he still owed the $1,000 fine, plus costs.

He was advised he should seek counsel, which he did. He contacted an attorney. The attorney told Haines the worst thing he could have done was to return to Kansas. On the advice of counsel, Haines returned to Ohio to wait for the warrant to be served. Haines was served, waived extradition, and returned to Kansas.

At the time of the revocation hearing, Haines was 68 years old. He has a heart problem that requires medication and suffers from oral cancer. Haines apologized to the court for allowing his estranged wife to be in control of sending the money and requested the court to allow him to pay the fine, plus interest, and reinstate his probation.

The State argued Haines had been arrested five times, beginning in 1964 and ending with the attempted rape charge in 1982; therefore, he had not proved he was interested in staying out of trouble. The State did not indicate Haines had been arrested in the many years after being placed on probation or otherwise controvert the representations made by Haines.

The trial court revoked Haines' probation and ordered that he serve the sentence previously imposed. Haines' motion for reconsideration or to modify was denied.

On appeal, Haines argues the delay between the time of the issuance of the warrant and the time of the revocation hearing violated his due process rights under the Fourteenth Amendment

to the United States Constitution. The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation. *State v. Walker*, 260 Kan. 803, Syl. ¶ 2, 926 P.2d 218 (1996). Kansas law allows the revocation of probation after the term of revocation expires if the proceedings were instituted during the term of the probation and revocation occurs within a reasonable time thereafter. *State v. Williams*, 20 Kan. App. 2d 142, 148, 884 P.2d 743 (1994). Jurisdiction to revoke probation does not expire with the expiration of the probationary period; however, the court's authority is not without limit. Due process requires that the State act in a timely and reasonable manner.

In *State v. Duke*, 10 Kan. App. 2d 392, 699 P.2d 576 (1985), the defendant's probation was revoked because he failed to pay his fines and court costs. This court found that the automatic revocation of probation without inquiring into the defendant's ability to pay was improper. 10 Kan. App. 2d at 395-96. In dicta, this court noted that K.S.A. 1984 Supp. 22-3716, an earlier yet similarly worded version of the revocation statute applicable in the present case, complied with constitutional requirements. 10 Kan. App. 2d at 393. Both versions of the statute require a defendant to be brought before a court without unnecessary delay *after* being arrested on a warrant issued for a probation violation. See K.S.A. 22-3716(b).

In *Williams*, wherein an amended motion to revoke probation was not filed until 9 months after the initial motion to revoke, and the revocation hearing was not held for an additional 21 months thereafter, the court reversed the revocation of probation because the State's action was not reasonable or timely. See 20 Kan. App. 2d at 151.

While *Williams* is factually distinguishable from the present case, its recognition of an unreasonable delay in prosecuting a probation violation is fully applicable in this case. In *Williams*, the court noted several other states have held that an unreasonable delay by the State in the issuance and execution of a warrant for the arrest of a probationer whose whereabouts are either known or ascertainable with reasonable diligence may result in the State's waiver of the

violation. 20 Kan. App. 2d at 146; see, *e.g.*, *People v. Diamond*, 59 Mich. App. 581, 588, 229 N.W.2d 857 (1975); *State v. Murray*, 81 N.M. 445, 449, 468 P.2d 416 (1970).

The facts of this case do not favor the State's position or the decision of the trial court to revoke probation. The record is clear that the State's efforts to locate Haines were restricted to two letters, one sent to his ex-wife and one to his mother's residence that was returned for lack of a sufficient address. More than 16 years have gone by since the State acted. The record indicates Haines has been employed as a truck driver and lived in Ohio the entire time preceding the probation revocation proceeding. There is no indication that the State attempted to locate him through his driver's license, social security number, employer, or any means other than mailing letters to his mother's house and his estranged wife's house. At the time of the revocation hearing, Haines was still living in Ohio and was collecting social security benefits. It is clear he did not attempt to secret himself away. The State's failure to conduct a reasonable investigation to ascertain Haines' whereabouts constitutes a waiver of the violation. Since the government waived the violation, Haines does not have to show he was prejudiced by the delay. See *State v. Wonders*, 27 Kan. App. 2d 588, 592, 8 P.3d 8, *rev. denied* 269 Kan. 940 (2000).

We reverse the trial court and order that Haines be released from custody. Further, under the totality of circumstances, we order his probation terminated.

Reversed and remanded with directions.