(244 P.3d 713)
Nos. 103,152
103,153

STATE OF KANSAS, *Appellee*, v. ROBBIE ROBINSON, *Appellant*.

—

Opinion filed January 7, 2011.

*Theresa L. Barr*, of Kansas Appellate Defender Office, for appellant.

*Michael Gayoso, Jr.*, county attorney, and *Steve Six*, attorney general, for appellee.

Before PIERRON, P.J., MARQUARDT and ATCHESON, JJ.

PIERRON, J.: Robbie Robinson appeals the summary dismissal of his pro se motion to correct an illegal sentence based on the revocation of his probation. Robinson argues there was an unreasonable delay in revoking his probation and the State waived any probation violations.

Although we generally review a probation revocation for an abuse of discretion, a district court necessarily abuses its discretion when it makes an error of law. When a question of law is at issue, review is *de novo*. *State v. Gary*, 282 Kan. 232, 236, 144 P.3d 634 (2006). Whether the constitutional right to due process has been violated is a question of law over which this court has unlimited review. *State v. Hall*, 287 Kan. 139, 143, 195 P.3d 220 (2008). Whether the district court had jurisdiction to revoke probation is also a jurisdictional issue subject to unlimited review. See *State v. Bennett*, 36 Kan. App. 2d 381, 384, 138 P.3d 1284, *rev. denied* 282 Kan. 792 (2006).

The Due Process Clause of the Fourteenth Amendment of the United States Constitution imposes procedural and substantive limits on the district court's ability to revoke a defendant's proba-

tion. *State v. Walker*, 260 Kan. 803, Syl. ¶ 2, 926 P.2d 218 (1996). Although a court has jurisdiction to revoke probation after a probationary period expires, due process requires that the State act in a timely and reasonable manner. *State v. Haines*, 30 Kan. App. 2d 110, 112, 39 P.3d 95 (2002). On several occasions, Kansas courts have addressed whether a delay between the issuance and execution of a probation revocation warrant was unreasonable, thus, denying a probationer his or her right to due process and depriving the court of jurisdiction over the violator. One case in particular addresses the issues before us.

In *Hall*, 287 Kan. 139, the Supreme Court held that if an alleged probation violator is imprisoned on a new felony conviction in another county, the State does not waive a probation violation if it simply lodges a detainer but does not execute a probation violation warrant while the violator is in prison. In other words, the use of a detainer is satisfactory evidence of diligence by the State. *State v. Gibson*, No. 100,487, unpublished Court of Appeals opinion filed July 23, 2010, applied *Hall* to an out-of-state confinement. We note that after a detainer is filed a prisoner can then request a disposition of the detainer. See K.S.A. 22-4401 *et seq*.

Here, the motion at issue to revoke Robinson's probation with accompanying warrant was filed by the State on March 14, 2006. Robinson argues his 12-month probation period began in December 2005 and ended in December 2006, and the State failed to prosecute the warrant without unreasonable delay. However, on March 1, 2006, Robinson was incarcerated on charges of first-degree battery in Arkansas. A warrant filed on December 12, 2007, indicates that on March 16, 2006, Robinson was in custody and a hold was placed on him by phone and fax. Robinson was in custody in Arkansas on the battery charges until he was returned to the Crawford County jail by secured transportation on December 4, 2007. Robinson made his probation revocation first appearance on December 5, 2007. On December 28, 2007, the district court held an evidentiary hearing and revoked Robinson's probation.

Robinson attempted to appeal the revocation of this probation, but the appeal was never perfected. On May 22, 2009, nearly 1½ years after the district court denied his motion for reconsideration

on January 24, 2008, Robinson filed a pro se motion to correct an illegal sentence claiming the district court was without jurisdiction to revoke his probation. Robinson claimed the State had waived the probation violations through unreasonable delay in bringing the violations to court. The district court summarily denied the motion finding there was nothing illegal regarding Robinson's sentences and the delay in processing the probation revocation was occasioned on Robinson's incarceration in Arkansas.

Based on the Supreme Court's ruling in *Hall*, we hold there was sufficient evidence that the State acted with reasonable diligence in investigating Robinson's whereabouts and pursuing the probation violation warrant and putting a hold on Robinson in Arkansas. A warrant for Robinson's arrest was in place the entire time, and he was obviously not brought into custody in Kansas because he was incarcerated in Arkansas. Because the State acted with reasonable diligence, it did not waive its right to prosecute the probation violation warrant and the district court did not lose jurisdiction to consider the matter.

Affirmed.