NOT DESIGNATED FOR PUBLICATION

No. 113,333

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROSEGENE MORALES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; JANETTE L. SATTERFIELD, judge. Opinion filed April 8, 2016. Affirmed.

*Darren K. Patterson*, of El Dorado, for appellant.

*Brett D. Sweeney*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., MCANANY and POWELL, JJ.

*Per Curiam*: Rosegene Morales appeals the district court's denial of her motion to dismiss probation revocation proceedings. Morales was convicted of driving under the influence of alcohol or drugs (DUI). The district court sentenced Morales to 90 days in jail and placed her on probation for 12 months. Morales absconded from probation and failed to notify her probation officer of any change in her address as had been ordered by the court. It took about 26 months for law enforcement to locate Morales and serve her with the probation violation warrant. As Morales argued in district court, she claims on appeal that the State's failure to conduct a reasonable investigation to locate her after it issued the probation violation warrant constituted a waiver of its request for probation

1

revocation, violated her due process rights, and deprived the district court of jurisdiction to revoke her probation. We agree with the district court that the State exercised reasonable efforts under the circumstances to serve Morales with the probation violation warrant; thus, we affirm the district court's decision revoking Morales' probation.

FACTUAL AND PROCEDURAL BACKGROUND

On August 30, 2010, pursuant to a plea agreement, Morales pled guilty in Butler County District Court to one count of DUI, a class B nonperson misdemeanor. The district court sentenced Morales to 90 days in jail but placed her on probation for 12 months. The written conditions of probation which were signed and initialed by Morales specifically required her to report to her probation officer as directed; to obtain written authorization from the probation officer before leaving Kansas; and to report to her probation officer all changes in residence, telephone number, and employment.

The first several months of Morales' probation passed without incident. But on August 11, 2011, the State filed a request to revoke Morales' probation for failure to pay court costs, fines, restitution, and attorney fees; for failure to report to her probation officer as directed; and for other violations of her probation. The request to revoke Morales' probation listed an apartment in Marion, Kansas, as her last known address. Marion, Kansas, is located outside of Butler County. Although the district court issued the probation violation warrant for Morales on August 11, 2011, she was not arrested and served with the warrant until October 16, 2013, over 2 years later.

On April 8, 2014, Morales filed a motion to dismiss the revocation proceedings and to terminate her probation. In the motion, Morales argued that the State did not make reasonable efforts to find her and execute the warrant in a timely fashion and that this failure resulted in the State's waiving its request for probation revocation. After a magistrate judge denied the motion, Morales appealed to the district court.

2

The district court held a hearing on the motion on August 25, 2014. The State presented testimony from Terri Bowlin, the warrant coordinator for the Butler County Sheriff's Department; Sara Cope, the office manager for the Marion County Sheriff's Department; and Bronson Shipman, the Chief of the Florence Police Department in Marion County. Bowlin testified that when she received the warrant for Morales in August 2011, she gave a copy to the warrant deputy and also entered the information into the Butler County computer database and the state wide Kansas Hot Files database. According to Bowlin's files, the Butler County Sheriff's Department took no further action on the warrant until 10 months later, in June 2012, when it faxed a copy of the warrant to the Marion County Sheriff's Department.

Cope testified that a Marion County sheriff's deputy tried to contact Morales but could not find her. The Marion County Sheriff's Department then informed the Butler County Sheriff's Department that it had been unable to locate Morales, she was no longer in the county to the best of its knowledge, and she had not left a forwarding address. The Marion County Sheriff's Department kept Morales' warrant on file.

In October 2013, Cope informed Shipman, who was the Florence police chief at that time, about the warrant for Morales' arrest. Florence is a small town in Marion County. Shipman testified that on October 15, 2013, he called Bowlin to verify that Morales' warrant was still active. He told Bowlin that Morales was living in Florence and that he would attempt to execute the warrant. The next day, Shipman arrested Morales in a city building where he happened to see her.

Morales also testified at the hearing, although her testimony is somewhat disjointed and difficult to follow. Morales testified that her current address is in Florence, Kansas, and she had lived there since just prior to her arrest on the probation violation warrant. Before then, Morales stated that she had lived in Wichita for about a year. She also admitted that she had spent 1 or 2 months in North Carolina visiting her boyfriend

3

after she began her probation. Morales stated that she had suffered two strokes and two brain aneurisms and that due to medical problems, she received full federal disability financial assistance. Morales also testified that her mother had lived in Florence for 10 or 15 years and her sister used to live there as well. Morales did not explain the details of how she moved from Marion to Wichita and then to Florence while on probation.

The parties reconvened for the district court's ruling on September 12, 2014. The district court judge discussed relevant Kansas cases on the subject and compared them to Morales' case. The judge found that the State had made reasonable, diligent efforts to locate Morales with the information that was available. Therefore, the judge concluded that the State had not waived its prosecution of the alleged probation violations or violated Morales' due process rights. Because Morales was not contesting the alleged probation violations, the district court proceeded to revoke her probation and ordered her to serve her original 90-day jail sentence. The district court granted Morales an appeal bond and stayed execution of the sentence. Morales timely appealed.

ANALYSIS

On appeal, Morales argues that the State's failure to conduct a reasonable investigation to locate her after it issued the probation violation warrant constituted a waiver of its request for probation revocation, violated her due process rights, and deprived the district court of jurisdiction to revoke her probation. The State argues that it made reasonable efforts under the circumstances to locate Morales and execute the warrant and that Morales had not been prejudiced by the delay.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution imposes certain requirements when the State deprives someone of his or her liberty through probation revocation. See *State v. Hall*, 287 Kan. 139, 142-43, 195 P.3d 220 (2008). Relevant here, "a delay between issuance and execution of an arrest warrant

4

may be unreasonable, constituting a denial of due process that may deprive a court of jurisdiction over a probation violator. [Citations omitted.]" 287 Kan. at 145. In addition, K.S.A. 2015 Supp. 22-3716(b)(2) requires a district court to bring a defendant in probation revocation proceedings before the court "without unnecessary delay for a hearing on the violation charged."

When considering a district court's decision that the delay between issuance and execution of a warrant in probation revocation proceedings did not violate due process rights, we apply an unlimited standard of review because the situation implicates constitutional rights, questions of jurisdiction, and statutory interpretation, all of which we review de novo. See *Hall*, 287 Kan. at 143. Whether the delay was reasonable depends upon the facts of each case. See 287 Kan. at 145.

One of the leading cases from our court on this subject is *State v. Haines*, 30 Kan. App. 2d 110, 39 P.3d 95, *rev. denied* 273 Kan. 1038 (2002). In that case, the defendant was placed on probation for 2 years and had been informed that if he paid off his fines and court costs, he would no longer be required to report. The defendant understood that his ex-wife had paid the fines and court costs, but apparently she did not do so. The defendant then moved to Ohio where he lived openly for many years and maintained steady employment. A probation violation warrant was issued, and the defendant was arrested 16 years later in Ohio. The record indicated that the State's efforts to find the defendant during that time were limited to two letters, one sent to the defendant's ex-wife and one sent to his mother. Under these circumstances, this court found that the State had failed to execute the warrant within a reasonable time. 30 Kan. App. 2d at 112-13. This court concluded that the defendant had been denied due process and ordered that his probation be terminated. 30 Kan. App. 2d at 113.

The facts in *Haines* are substantially different than the facts in Morales' case. However, Morales favorably compares her case with *State v. Bennett*, 36 Kan. App. 2d

5

381, 183 P.3d 1284, *rev. denied* 282 Kan. 792 (2006), which addressed a delay of more than 2 years between the issuance and execution of a probation violation warrant. At a hearing on a motion to quash the warrant, the evidence showed that the State made no attempt to execute the warrant until more than 9 months after it was issued, when the defendant was identified on a "felon of the day" television program. 36 Kan. App. 2d at 382. Thereafter, law enforcement received two tips about the defendant's whereabouts; however there was no evidence that police followed up on the first tip. When they investigated the second tip, they ultimately arrested the defendant at the same address provided on her presentence investigation report. The district court denied the motion to quash the warrant. On appeal, this court reversed, finding that the State did not "conduct a reasonable investigation into [the defendant's] whereabouts based on the facts available." 36 Kan. App. 2d at 385. This court concluded that the State waived the defendant's probation violation, and the district court lost jurisdiction to revoke her probation. 36 Kan. App. 2d at 387.

The State argues that Morales' case is more similar to *State v. Alexander*, 43 Kan. App. 2d 339, 225 P.3d 1195, *rev. denied* 290 Kan. 1095 (2010), which also concerned a 2-year delay between issuance and execution of a probation violation warrant. The warrant issued on November 3, 2005, and 8 days later, officers contacted the defendant's mother to inquire about his whereabouts. On November 16, officers entered the defendant's information into a national database and published his photograph in the local newspaper; officers also called one of the defendant's friends. On November 30, officers tried to execute the warrant at the defendant's last known address. In December, they sent a copy of the warrant and the defendant's photograph to the sheriff's department in the city where the defendant's wife lived. When law enforcement received information in August and September 2006 that the defendant was in Arkansas, it contacted Arkansas law enforcement and tried to locate him there but received no assistance. The defendant was finally arrested in Arkansas in October 2007, almost 2 years after the warrant issued.

In finding that these actions constituted reasonable attempts to locate the defendant and execute the warrant, this court noted that the actions taken were more extensive than those in cases in which courts have found the State's efforts unreasonable. 43 Kan. App. 2d at 343. In addition, the *Alexander* court rejected the argument that the efforts were unreasonable because Arkansas police *could* have located him by taking additional action, such as checking for warrants when they had contact with him during a domestic disturbance call. 43 Kan. App. 2d at 344. This court conceded the defendant could have been found through those additional actions, but it held that the failure to run a warrant check during a domestic disturbance call was not so unreasonable that it violated the defendant's due process rights in the probation violation case. 43 Kan. App. 2d at 344.

We agree with the State that Morales' case is more similar to the facts in *Alexander* than the facts in *Bennett*. In *Bennett*, the defendant never moved from Wichita while she was on probation and the State made no substantial effort to locate her other than to include her name in a local felon of the day program. Also, law enforcement in *Bennett* actually ignored information about the defendant's whereabouts after the arrest warrant had issued. 36 Kan. Here, on the date the warrant was issued, the Butler County Sheriff's Department gave a copy to the warrant deputy and entered the information into the computer database and the state wide Kansas Hot Files database. Granted, the Butler County Sheriff's Department took no further action on the warrant for several months. However, the department later faxed the warrant to the Marion County Sheriff's Department, and a deputy attempted to serve the warrant at Morales' last known address. The warrant was later forwarded to the Florence Police Department, and it was served upon Morales the next day.

Here, it is important to note that the conditions of Morales' probation required her to report to her probation officer as directed and to notify her probation officer of any change of address. Morales also was ordered not to leave Kansas without first obtaining

7

permission from her probation officer. Morales flagrantly violated these conditions and admitted that she spent 1 or 2 months in North Carolina after she began her probation. She also moved to Wichita and then to Florence without her probation officer's consent. Had Morales simply followed the order to notify her probation officer of any change of address, the State would have had no difficulty locating her to serve the warrant. This fact must be considered when deciding whether Morales' due process rights were violated.

Law enforcement officers throughout Kansas are assigned the task of executing thousands of probation violation warrants in misdemeanor and felony cases. They have limited resources to accomplish this task. Here, Bowlin testified at the hearing that her department has "roughly 1300 warrants in the system, misdemeanors and felonies." She also testified that misdemeanor warrants such as Morales' necessarily received lower priority given the limited resources of the office. Considering the workload of law enforcement officers and the lower priority placed on misdemeanor probation violation warrants, the amount of time taken to serve the warrant upon Morales was not unusual.

Therefore, under the circumstances of this case, we conclude that the State's efforts to execute the warrant were not unreasonable and the delay between issuance and execution of the warrant did not violate Morales' due process rights. The State did not waive its request to revoke Morales' probation, and the district court did not lose jurisdiction over the case. Accordingly, the district court correctly denied Morales' motion to dismiss and committed no error in revoking Morales' probation.

Affirmed.