NOT DESIGNATED FOR PUBLICATION

Nos. 118,621
118,622

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADAN ISRAEL RIVERA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed September 14, 2018. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, assistant district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., BRUNS and GARDNER, JJ.

PER CURIAM: Adan Rivera appeals the district court's decision to revoke and extend his probation after his probation term expired. On appeal, Rivera contends that the State waived its authority to take action against him for violating the terms of his probation because a bench warrant was not served in a timely manner. However, Rivera does not claim that the delay in obtaining service prejudiced him. Under the circumstances presented, we do not find the actions taken by the State to constitute a waiver. Thus, we affirm.

1

Adan Rivera pled guilty in two separate Reno County cases—Case No. 14-CR-279 and Case No. 15-CR-344. In the first case, he pled guilty to possession of synthetic marijuana. In the second case, he pled guilty to two counts of possession of marijuana and one count of driving while suspended. Although Rivera fell within a presumptive imprisonment range, the district court granted him a durational departure and placed him on intensive supervision probation with Reno County Community Corrections for a period of 12 months to commence on January 22, 2016.

In addition to other terms and conditions, the Order of Intensive Supervision Probation required that Rivera report to his Intensive Supervision Officer (ISO) and that he allow the ISO to visit his residence. Moreover, Rivera was required to "[r]eside at the reported place of residence" and "not change residence . . . without officer permission." Rivera reported that his residence address was 130 Osborne Street, Hutchinson, Kansas.

On May 23, 2016, the State filed a motion to revoke Rivera's probation, and two days later, the district court issued a bench warrant for his arrest. On January 18, 2017, which was a few days before Rivera's probation term was to expire, a sheriff's deputy attempted to serve Rivera with the warrant at the last address he had reported. The deputy who attempted to serve Rivera later testified that an unnamed "elderly female" had answered the door and informed the deputy that Rivera was not there and did not live there. The deputy also testified that he left his card with the woman and asked her to have Rivera contact him.

It does not appear that the sheriff's department made any additional attempts to serve Rivera until several months after his probation term had expired. Eventually, Rivera was arrested on July 9, 2017, at a different address than the one he had previously reported. The arrest report indicates that the State ultimately served Rivera with the bench

warrant at 207 East 8th Street, Hutchinson, Kansas. He subsequently gave this address when applying for a marriage certificate a few weeks later.

On July 26, 2017, Rivera filed a motion to dismiss the State's motion to revoke probation. He asserted in his motion that the State waived its right to prosecute him for the probation violations because of the delay in service of the bench warrant. On August 15, 2017, the district court held an evidentiary hearing on both the State's motion to revoke probation and Rivera's motion to dismiss.

After hearing the testimony of the sheriff's deputy who had attempted to serve Rivera in January 2017, as well as the testimony of Rivera's mother, the district court found the testimony of the sheriff's deputy to be credible. Moreover, the district court found that the testimony of Rivera's mother was vague—if not evasive—regarding where her son actually lived in January 2017. Thus, the district court concluded that the State had taken reasonable steps to serve the bench warrant and had not waived its right to seek to revoke Rivera's probation.

After the district court denied the motion to dismiss, Rivera stipulated to the allegations in the motion to revoke probation. These allegations included testing positive for marijuana on multiple occasions, failing to report, failing to participate in outpatient treatment, and failing to pay fines and court costs as ordered. Accordingly, the district court revoked Rivera's probation.

Although the State requested the imposition of a 60-day jail sanction, the district court imposed a 30-day sanction with work release and release for treatment. Furthermore, the district court extended Rivera's intensive supervised probation for a term of 12 months to begin upon his release from jail. Thereafter, Rivera filed a timely notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether the district court erred in denying Rivera's motion to dismiss the State's motion to revoke his probation. In particular, Rivera argues that the State waived its right to pursue the revocation motion for failing to take reasonable steps to serve the bench warrant until approximately 13 months after the district court issued it. In response, the State argues that the efforts to serve the bench warrant were reasonable because a sheriff's deputy attempted to serve Rivera prior to the expiration of his probation term at the address he had given to authorities. In addition, the State argues that Rivera quit reporting to his probation officer as he was ordered to do and that he changed his address without telling his probation officer as he was required to do under the terms of his probation.

The jurisdiction of a district court to revoke probation does not expire when the probationary term has lapsed. See *State v. Haines*, 30 Kan. App. 2d 110, 112, 39 P.3d 95 (2002). However, the Fourteenth Amendment to the United States Constitution requires that the State act without unreasonable delay in the issuance and execution of an arrest warrant arising out of an alleged probation violation. *State v. Hall*, 287 Kan. 139, 143-44, 195 P.3d 220 (2008). In other words, an unreasonable delay by the State in serving an arrest warrant divests the district court of jurisdiction to revoke an alleged violator's probation. See *State v. Curtis*, 42 Kan. App. 2d 132, 142, 209 P.3d 753 (2009).

There are two ways to establish a due process violation based on the State's delay in prosecuting a probation violation. First, an alleged probation violator can attempt to establish that the State waived its right to prosecute the probation violation. Second, the alleged probation violator can attempt to establish that the delay was unreasonable because it prejudiced the defendant. *Curtis*, 42 Kan. App. 2d at 139. Here, Rivera— whose probation the district court reinstated—does not argue prejudice. Instead, he argues that the delay in serving the bench warrant constituted a waiver.

4

Whether the State's delay in issuing or serving an arrest warrant was reasonable depends upon the facts of each case. *Hall*, 287 Kan. at 145; see *Curtis*, 42 Kan. App. 2d at 136-37. However, the ultimate question of whether the State has complied with due process requirements when revoking probation is a question of law over which we have unlimited review. *Hall*, 287 Kan. at 143. In reviewing an allegation of waiver, we also must keep in mind that more than a lack of diligence by the State is required:

> "[I]t should only be in the most unusual circumstances, those in which law enforcement exhibits a complete indifference to its responsibilities . . . in order for the court to determine that probationer's due process rights have been violated for failure to serve a warrant. To hold otherwise sends the wrong message to probation violators, leading them to the conclusion that all they need to do to be released from probation is move and avoid arrest for a few months or years." *State v. Carleton*, No. 105,267, 2011 WL 6311920, at *4 (Kan. App. 2011) (unpublished opinion).

See also *State v. White*, No. 115,930, 2017 WL 4558231, at *3 (Kan. App. 2017) (unpublished opinion).

In this case, Rivera was obligated to comply with certain terms and conditions as set forth in the Order of Intensive Supervision Probation. Among other things, these terms and conditions included a continuing duty to report to his ISO. In addition, the terms and conditions included continuing duty to reside at the reported place of residence and not to change residence without his ISO's permission.

After listening to the testimony presented at the evidentiary hearing, the district court found the deputy's testimony regarding the events when he attempted to serve Rivera at the address he had reported to be credible. Specifically, the deputy testified that he attempted to personally serve Rivera prior to the expiration of the probation term at 130 Osborne Street. However, the deputy testified that an "elderly female" who answered the door acted as if she knew Rivera but indicated that he was not living there. According

5

to the deputy, he left his business card with the woman and asked her to have Rivera call him if she saw him. On the other hand, the district court found the testimony of Rivera's mother regarding her son's place of residence to be at best vague—and possibly evasive.

It is also important to note that Rivera stipulated to the violation of the terms of his probation as alleged by the State. Specifically, the State alleged that "[Rivera] signed a positive use form for [m]arijuana on 2-19-16; has failed to report as directed; failed to participate in outpatient treatment as directed; has not paid fines and costs as directed and signed a positive use for marijuana on April 8, 9, and 10, 2016." We also note that the record reflects that the district court had previously revoked—and reinstated—Rivera's probation in Case No. 14-CR-279. In light of this fact as well as the fact that he signed positive use forms for marijuana on two different occasions—involving four separate instances of marijuana use in violation of the terms of his probation—Rivera should have been well aware that he was in violation of the terms of his probation and that a warrant had likely been issued for his arrest.

Although the State may have been able to take additional steps to locate and serve Rivera with the bench warrant, we do not find the steps that were taken to be unreasonable under the circumstances presented. The State attempted to serve the bench warrant on Rivera prior to the expiration of the term of his probation and justifiably relied upon an address that he had given to authorities. The person answering the door of the residence claimed that Rivera was not there and did not live at that address. However, the testimony offered at the evidentiary hearing was unclear as to where Rivera actually resided. Accordingly, we conclude that the State did not waive its authority to pursue revocation of Rivera's probation.

Affirmed.