NOT DESIGNATED FOR PUBLICATION

No. 123,499

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAQUELINN D. HOLLAND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Opinion filed May 6, 2022.
Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for
appellee.

Before WARNER, P.J., CLINE, J., and RACHEL L. PICKERING, District Judge,
assigned.

PER CURIAM: Jaquelinn D. Holland appeals the district court's order extending his
probation for a 12-month term. Holland argues the State's delay of almost 10 months
between the issuance and execution of his arrest warrant for violating his probation terms
was unreasonable, resulting in the State waiving its right to prosecute.

FACTUAL AND PROCEDURAL BACKGROUND

At a September 12, 2019 plea hearing in Sumner County District Court, Jaquelinn D. Holland pled guilty to one count of counterfeiting currency under K.S.A. 2019 Supp. 21-5840(a)(2). At the following hearing, held on October 10, 2019, the district court sentenced Holland to probation for 18 months with an underlying prison sentence of 16 months. When Holland initially spoke with his intensive supervision officer (ISO) after the sentencing hearing, he told the ISO his Wichita residence address. However, Holland failed to report on October 16, 2019, and again on October 23, 2019. The ISO attempted to contact Holland but was unable to reach him by phone. On November 4, 2019, the State filed a motion to revoke Holland's probation for failing to report or contact his ISO several times. Holland's ISO requested an absconder warrant and stated Holland's whereabouts were unknown.

That same day, the district court issued an arrest warrant for Holland. The ISO then contacted law enforcement and notified them of the warrant. The arrest warrant provided Holland's last known address in Wichita, which was the same Wichita address that Holland had provided the ISO the month prior. The Sumner County Sheriff presumably had forwarded the warrant to Sedgwick County, where Holland was living.

On August 24, 2020, less than 10 months from when the district court had issued the arrest warrant, Holland was arrested. During a traffic stop, a Wichita officer ran Holland's name for a warrants check. The officer discovered the pending arrest warrant from Sumner County and arrested Holland. Law enforcement then transferred Holland to the Sumner County Jail, where he was released and began reporting to his ISO. After Holland's arrest, the district court scheduled a probation revocation hearing.

Before the probation revocation hearing, Holland filed a motion essentially to dismiss the proceedings. He asserted the State had waived its right to prosecute his

probation violations because it had failed to timely execute his arrest warrant. At the hearing, the court heard arguments on Holland's motion and the State's motion to revoke. The State called Holland's ISO to testify. He testified that he initially met Holland, who provided him with a Wichita address. He stated Holland failed to appear at least twice in October 2019, namely October 16 and 23. He then recalled calling Holland at least twice, possibly three times, but he was unsuccessful. The ISO also testified he did not leave Sumner County to travel to Wichita and conduct a home visit. His means of communication with Holland was by phone and email. The ISO also testified that typically, after two to three failed attempts at contacting a probationer who had failed to report, he would file an affidavit with the county attorney's office and recommend issuance of an absconder warrant. He explained how after filing the affidavit, he notified law enforcement of the court's order.

The defense counsel then called Holland to testify. Holland explained he did not have a working phone or any internet services during the probation period, but he had lived at the same residential address the entire time. He testified he had started working at Subway for a while, but then temporarily left that position. Holland did not recall police coming to his home to try to execute an arrest warrant or contacting any of his family to find him.

After the presentation of evidence, Holland's counsel argued that despite having Holland's address in Wichita, the State had failed to explain why the authorities had not properly and timely executed the warrant. In response, the State pointed out that Holland was still serving his original 18-month probation term when he was arrested, and he had the burden to show he was prejudiced by the delay. The district court denied Holland's motion, explaining that 10 months was not an unreasonable time for the State to execute Holland's arrest warrant, especially considering Holland was living in Wichita, a large jurisdiction, and was still on probation when the warrant was executed.

3

After the district court denied Holland's motion, the court addressed the State's motion to revoke Holland's probation. Holland stipulated that he had failed to report for several months. The State moved to extend Holland's probation. The district court found Holland had violated his probation, imposed a 3-day quick dip jail sanction, and extended his probation for a term of 12 months. Holland timely appeals.

ANALYSIS

On appeal, Holland continues his argument that the State's failure to conduct a reasonable investigation to locate him after it issued the probation violation warrant constituted a waiver of its request for probation revocation. Specifically, Holland claims the State failed to present evidence of its attempt to serve the arrest warrant, despite knowing of his Wichita address. In response, the State outlines the efforts done to locate Holland and execute the warrant and notes that the State executed the warrant while Holland's probation was still pending.

*Standard of Review*

This court typically reviews probation revocations for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). This court applies de novo review to determine "whether the district court complied with due process requirements in revoking a defendant's probation." *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016).

*Discussion*

The district court's initial decision to grant probation "is an act of grace." 303 Kan. at 581. However, "once the privilege of probation has been bestowed upon a defendant, he or she acquires a conditional liberty interest which is subject to substantive and

4

procedural due process limits on its revocation." 303 Kan. at 581. Consequently, the Due Process Clause of the Fourteenth Amendment to the United States Constitution imposes certain requirements when the State deprives someone of his or her liberty through probation revocation. See *State v. Hall*, 287 Kan. 139, 144-45, 195 P.3d 220 (2008).

In *Hall*, our Supreme Court noted that the controlling statute, K.S.A. 22-3716 provides that "'[a]t any time during probation . . . the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release or assignment.'" 287 Kan. at 143. "The determination of whether inaction constitutes an 'unnecessary delay *depends upon the circumstances of each case.*'" (Emphasis added.) 287 Kan. at 145 (quoting *Toman v. State*, 213 Kan. 857, 860, 518 P.2d 501 [1974]).

This court in *State v. Curtis*, 42 Kan. App. 2d 132, 142, 209 P.3d 753 (2009), articulated the following legal rules about the State's waiver of the right to pursue a probation revocation and a probationer's entitlement to due process:

> "(a) Due process demands that revocation proceedings be instituted during the term of the probation and that revocation occur within a reasonable time thereafter; (b) the failure to act in a timely and reasonable manner to pursue adjudication divests the district court of jurisdiction to revoke probation; (c) delay is unreasonable where it prejudices the defendant or if there is an indication that the State has waived its right to pursue the violation; and (d) if the violation is found to be waived, the probationer is not required to establish prejudice."

Kansas courts have found due process violations if there is an indication that the State has waived its right to prosecute a probation violation or the delay is unreasonable where it prejudices the defendant.

5

A leading case is *State v. Haines*, 30 Kan. App. 2d 110, 39 P.3d 95 (2002). In that case, the court considered whether the State waived its right to pursue the probation violation due to a 16-year delay between the issuance and execution of the arrest warrant.

In 1982, after being placed on probation for two years with a $1,000 fine, Haines moved to Ohio to continue his probation through out-of-state supervision. Haines understood that if he paid off his fines and court costs, he would no longer be required to report, thereby ending his supervision. According to Haines, he gave his wife the money needed to pay the fines and costs. Haines' wife, however, did not make the necessary payment, and Haines' fine and costs remained unpaid.

On October 3, 1983, the State issued a warrant for Haines due to the outstanding fines and failure to report. The State sent two letters to Haines at two different Kansas addresses:  the first letter to his wife's address despite knowing that Haines' wife had left him, and the second letter was sent to his mother's address, which was returned due to an insufficient address. For the next 16 years, Haines lived openly in Ohio and was employed as an over-the-road truck driver. In 1999, Ohio law enforcement discovered the outstanding Kansas warrant and Haines was brought back to Kansas. The district court revoked Haines' probation and Haines appealed, arguing the 16-year delay violated his due process rights.

The *Haines* court agreed, finding the only attempt made by the State to locate Haines was limited to the two letters and "[m]ore than 16 years have gone by since the State acted." 30 Kan. App. 2d at 113. The court noted how "several other states have held that an unreasonable delay by the State in the issuance and execution of a warrant for the arrest of a probationer whose whereabouts are either known or ascertainable with reasonable diligence *may* result in the State's waiver of the violation." 30 Kan. App. 2d at 112-13 (citing *State v. Williams*, 20 Kan. App. 2d 142, 146, 884 P.2d 743 [1994]). The court thereby ruled that the "State's failure to conduct a reasonable investigation to

6

ascertain Haines' whereabouts constitutes a waiver of the violation." 30 Kan. App. 2d at 113.

And in *State v. Myers*, 39 Kan. App. 2d 250, 253, 178 P.3d 74 (2008), a panel of this court considered whether the State had waived prosecution due to the State's two-year delay in executing the arrest warrant for probation violations. The probationer, Myers, had moved to another state without telling his ISO, and the State later moved the court to issue an arrest warrant for Myers. Two years after the court had issued the arrest warrant, the State arrested Myers. At his probation revocation hearing, Myers asserted that due to the two-year delay, the State had not made a timely and reasonable effort to serve the arrest warrant. The district court denied his motion and revoked his probation. Myers appealed.

On appeal, Myers continued his argument that the State had waived its alleged probation violations asserted in its motion to revoke probation. He asserted that the only evidence of the State's actions in the two-year period was that the State had entered Myers' warrant into an online database. There was no additional evidence of the State's efforts to locate Myers, including sending the warrant to the local out-of-state police department, assigning a deputy for service, or any attempts by law enforcement in the two-year period to serve the warrant. The *Myers* court agreed with Myers, finding the district court had erred because the State had failed to show additional actions taken in the two-year period. 39 Kan. App. 2d at 255.

In comparison, there have been Kansas cases where the State has shown efforts to timely execute an arrest warrant and courts have properly denied probationers' motions to dismiss probation revocation proceedings.

For example, in *Hall*, 287 Kan. at 140, our Supreme Court considered whether the execution of an arrest warrant six years after the warrant was issued was unreasonable

7

delay and thus a due process violation. There, the defendant had violated his probation in McPherson County when he was convicted of a new crime in Saline County. For the new crime, Hall was ordered to serve a lengthy prison sentence. While in prison, McPherson County placed a detainer on Hall with prison officials, ensuring Hall's return to McPherson County to address his outstanding probation violations once he finished his prison term. During the six-year period, Hall twice wrote to the McPherson County District Court, asking to be transported for a probation violation hearing to address his violations and lift the detainer. He argued that the six-year delay was a due process violation.

In considering this argument, the *Hall* court looked to *Moody v. Daggett*, 429 U.S. 78, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976). There, the United States Supreme Court held that due process does not require the execution of a parole or probation violation warrant when the defendant is imprisoned on an intervening sentence. 429 U.S. at 89. Considering *Moody* and finding Hall did not have any potential liberty interests from this delay, the *Hall* court held that a six-year delay while the defendant was in prison on an unrelated felony conviction in a different county was not a due process violation. 287 Kan. at 156.

Additionally, this court in *State v. Alexander*, 43 Kan. App. 2d 339, 344, 225 P.3d 1195 (2010), held that a two-year delay in executing an arrest warrant for probation violation not unreasonable. Alexander had been placed on probation in Finney County. Alexander had advised his ISO that he was moving residences and possibly leaving Finney County or the state altogether, but he never provided a new address. Alexander stopped reporting and in November 2005 the State moved for his arrest for violating his probation. In October 2007, close to two years from the date of the district court's issuance of the arrest warrant, Alexander was arrested in Arkansas. Alexander moved to dismiss the probation violation due to the State's two-year delay in issuing and executing the arrest warrant.

In response, the State presented evidence of action taken in the two-year period to locate Alexander, including:  entering the warrant into the national law enforcement computer database system, publishing Alexander's photo in the local newspaper, seeking help from the public, investigating each tip received from the public, attempting to execute the warrant at Alexander's last known address, and forwarding information about Alexander to the sheriff in Ulysses and in Arkansas, a possible state of residence.

Despite the steps, Alexander argued that law enforcement failed to arrest him months earlier, in April 2007. Six months before Alexander's October 2007 arrest, law enforcement was called out to Alexander's residence to investigate a domestic disturbance that Alexander had witnessed. Neither a Ulysses detective who spoke with Alexander nor a second officer had conducted warrants check for any outstanding warrants on Alexander. The second officer, however, claimed that another officer had done a warrants check. At the time, Alexander was not arrested. The district court found that the State's efforts to locate Alexander for a probation violation were reasonable and denied Alexander's motion.

On appeal, court in *Alexander* did not think that a failure by police checking on a domestic-disturbance call to run a warrant check was by itself "so unreasonable that Alexander's due-process rights in the probation-violation case were violated by that failure." 43 Kan. App. 2d at 344. The court in *Alexander* held that even though the State did not serve the defendant with the arrest warrant for two years, the State's many efforts to locate Alexander for a probation violation arrest warrant were reasonable. 43 Kan. App. 2d at 344. The district court thereby properly denied Alexander's motion to dismiss the probation revocation proceeding.

While *Hall* and *Alexander* are factually distinguishable from the present case, their recognition of reasonable delay in prosecuting a probation violation is fully applicable in

9

this case. To begin, in determining whether the State's inaction constitutes an unnecessary delay depends upon the circumstances of each case. *Hall*, 287 Kan. at 145. Given the circumstances in this case, the district court did not err when it denied Holland's motion.

Here, there was evidence in the record to support the district court's findings that the State's efforts were reasonable. The ISO discussed how he sent the arrest warrant to law enforcement and previously attempted to call Holland without success. The next step was alerting law enforcement of Holland's arrest warrant. As Holland was later arrested in Sedgwick County, law enforcement in Sumner County had undoubtedly taken the next step by alerting Sedgwick County. While there was no evidence that the State had personally gone to Holland's residence, the State had taken steps to locate him. Indeed, the State's efforts resulted in Holland's arrest while his 18-month probation term was pending.

During an August 24, 2020 traffic stop, a Wichita police officer conducted warrants check on all occupants, including Holland. When the officer ran Holland's name for outstanding warrants, the officer learned of Holland's Sumner County arrest warrant and proceeded to arrest him. Wichita law enforcement did act upon the arrest warrant from Sumner County. In *Alexander*, the defense argued that law enforcement had not taken enough steps to investigate Alexander's whereabouts by failing to check for any outstanding warrants during a domestic-disturbance call. This argument regarding police investigating whether a person has outstanding warrants should be considered in this case. At the August 24, 2019 traffic stop, a Wichita officer did run warrants check on Holland and learned of his arrest warrant. In other words, the officer's actions at a traffic stop are further evidence that the State did not unreasonable delay in acting on Holland's warrant. The record supports the district court's finding that the State made a sufficient effort to execute the arrest warrant less than 10 months from the Sumner County District Court's November 4, 2020 order.

Unlike in *Myers*, law enforcement was able to arrest Holland less than 10 months after the arrest warrant issued. The district court in fact ruled that this case was distinguishable from *Myers*, noting the delay in *Myers* was 2 years, while in this case, the State had executed the arrest warrant in a 10-month period. *Myers*, 39 Kan. App. 2d at 251. Also, the district court noted that the length itself did not strike the court as unreasonable delay.

And the district court did not err when it considered the sheer size of Sedgwick County along with the other circumstances of this case. The district court noted that Holland had lived in another jurisdiction, Sedgwick County: "Well, honestly, ten months to me, especially given the fact that there would have to be some coordination with a rather large jurisdiction that works its own pace, I'm not sure what influence probation officer here in Sumner County is going to have on what police departments do and how they operate in Sedgwick County." In denying Holland's motion, the district court did consider the workload of law enforcement officers and the lower priority to probation violation warrants. As noted in Judge Malone's concurrence from *Myers*:

> "Law enforcement officers throughout Kansas are assigned the task of executing thousands of probation violation warrants in misdemeanor and felony cases. They have limited resources to accomplish this task. Courts should not impose a duty on law enforcement officers, including probation officers, to 'investigate' the whereabout of probation absconders in addition to their many other duties." 39 Kan. App. 2d at 257 (Malone, J., concurring).

Lastly, probation is an act of grace. *Hurley*, 303 Kan. at 581. As such, it should generally take an "unusual set of circumstances" to determine that a violator's due process rights have been violated. *Myers*, 39 Kan. App. 2d at 257 (Malone, J. concurring). Holland only spoke once with his ISO after the October 10, 2019 initial meeting and never reported again until after his August 2020 arrest and subsequent return to Sumner County. Holland had a continuing duty to report to his ISO and to notify him of his

11

change in circumstances. After failing to report for several months, Holland should have been aware he had violated his probation and the district court would likely issue a warrant for his arrest. This case does not involve an unusual set of circumstances such as in *Haines*.

In sum, we conclude the district court did not err when it concluded that the State's efforts to execute the warrant were not unreasonable and the delay between issuance and execution of the warrant did not violate Holland's due process rights. The State did not waive its request to revoke Holland's probation, and the district court did not lose jurisdiction over the case. Accordingly, the district court correctly denied Holland's motion to dismiss and committed no error extending the probation period for an additional 12 months.

Affirmed.