NOT DESIGNATED FOR PUBLICATION

No. 127,047

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY GENE HENDERSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; AMY NORTON, judge. Submitted without oral argument. Opinion filed June 13, 2025. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM:  On appeal, Defendant Anthony Gene Henderson attacks the Saline County District Court for revoking his probation and ordering him to serve a substantially reduced sentence on his conviction for possession of methamphetamine, even though he and his lawyer agreed to that disposition. Henderson offers a specious argument that the district court failed to fulfill what he incorrectly characterizes as a jurisdictional requirement before imposing the lesser sentence on his admitted probation violations. He makes a similarly misguided argument that his probation expired despite the timely filing

1

of a warrant for the alleged violation. We find no error and affirm the district court's decision.

After Henderson pleaded guilty to possession of methamphetamine as part of an agreement with the State, the district court—consistent with the agreement—sentenced him in April 2021 to serve 34 months in prison and placed him on probation for 12 months. The grant of probation reflected a dispositional departure from the presumptive guidelines sentence calling for incarceration, given Henderson's criminal history.

From the record, we gather Henderson was held for a time in the McPherson County jail, and after his release there, he never reported to his assigned probation officer in this case. In July 2021, the probation officer sought and obtained a warrant for Henderson's arrest for a probation violation based on his continuing failure to report. The warrant was filed on July 27, 2021.

Henderson was taken into custody in McPherson County on the probation violation warrant in August 2023 and returned to Saline County for a revocation hearing the next month. Before the hearing, Henderson, through his lawyer, worked out an arrangement with the prosecutor calling for Henderson to stipulate to the probation violation coupled with a joint recommendation that he serve 17 months in prison on the underlying conviction. At the hearing, the district court accepted Henderson's stipulation to the violation and followed the parties' recommended disposition for a 17-month prison sentence.

During the hearing, Henderson acknowledged various rights he relinquished by stipulating to the probation violation and essentially said he approved of the recommended disposition requiring that he serve a reduced prison sentence. In outlining the bases for the recommended disposition, Henderson's lawyer pointed out that they were not putting the State to the task of responding to "a *Haines* motion requesting

2

discharge due to untimely execution of the warrant." The lawyer made a shorthand reference to a common-law rule that the State must obtain a warrant for a probation violation in conformity with statutory requirements and then act "without unreasonable delay in the . . . execution of" the warrant. *State v. Hall*, 287 Kan. 139, 144, 195 P.3d 220 (2008). The failure to act with sufficient dispatch amounts to a due process violation that typically would constitute a waiver of the probation violation, resulting in the defendant's discharge. *Hall*, 287 Kan. at 145-46. The determination of "unreasonable delay" is a case specific one turning on the particular circumstances. 287 Kan. at 144-145. So there is no hard and fast rule for how long is too long. In *State v. Haines*, 30 Kan. App. 2d 110, 113, 39 P.3d 95 (2002), this court held that a 16-year delay in executing a warrant for probation violations combined with the lack of any diligent effort to locate Delbert Haines amounted to a denial of due process requiring termination of his probation and his release from custody on the alleged violations.

About a week after the revocation hearing, Henderson drafted and filed his own motion to vacate the district court's judgment and cited K.S.A. 22-3716(d) as the basis, although he only vaguely suggested how that provision should have been applied to him. The subsection states:

> "A defendant who is on probation, assigned to a community correctional services program, under suspension of sentence or serving a nonprison sanction and for whose return a warrant has been issued by the court shall be considered a fugitive from justice if it is found that the warrant cannot be served. If it appears that the defendant has violated the provisions of the defendant's release or assignment or a nonprison sanction, the court shall determine whether the time from the issuing of the warrant to the date of the defendant's arrest, or any part of it, shall be counted as time served on probation, assignment to a community correctional services program, suspended sentence or pursuant to a nonprison sanction." K.S.A. 22-3716(d).

3

The subsection permits a district court considering a probation revocation to apply some or all of the time between the issuance of a warrant for the alleged violations and the defendant's arrest on the warrant to the term of probation. In some instances, that might result in the defendant completing their probation. As the subsection makes clear, however, the district court does not have to adjust the probation term.

After Henderson filed his motion, his lawyer filed a notice of appeal from the probation revocation. In part because of the cyberattack on the court system in late 2023, this case spun into a procedural vortex. The district court appointed another lawyer to represent Henderson on his motion for relief based on K.S.A. 22-3716(d) and scheduled a hearing. Everyone mistakenly concluded the appeal had been perfected, so the district court no longer had jurisdiction to consider Henderson's motion. The district court, therefore, did not rule on the merits. The appeal has since been perfected, and the parties have filed briefs with us dueling over the legal sufficiency of the probation revocation.

For his first argument on appeal, Henderson contends the district court lacked the authority to revoke his probation in September 2023 because the 12-month term expired in April 2022. But a probation officer may request and receive a warrant up to 30 days after the expiration of a probation term for alleged violations during the term. K.S.A. 22-3716(e); *State v. Darkis*, 314 Kan. 809, 813, 502 P.3d 1045 (2022). The *Darkis* court recognized that revocation may be ordered after the probation period has expired if the warrant is filed during the period or within 30 days after its expiration. 314 Kan. at 813. Here, the warrant was filed well within Henderson's 12-month probation term. So his argument based on the expiration of the term fails.

For his other argument, Henderson submits the district court was obligated to consider and apply K.S.A. 22-3716(d) before revoking his probation. We are unpersuaded. First, Henderson raised subsection (d) in his own motion. But the district court had already revoked Henderson's probation and ordered him into the custody of the

4

Kansas Department of Corrections. At that point, the district court lost jurisdiction to modify its disposition of the probation violation. *State v. Miller*, 260 Kan. 892, 902-04, 926 P.2d 652 (1996), *abrogated on other grounds by State v. Berreth*, 294 Kan. 98, 273 P.3d 752 (2012). And Henderson's motion had no legal traction as a result.

To avert that roadblock, Henderson now argues K.S.A. 22-3716(d) creates a jurisdictional prerequisite a district court must consider before revoking a defendant's probation and ordering them to serve a prison sentence. Apart from stating the proposition, Henderson cites no authority for it; although in fairness, there appears to be no pertinent caselaw discussing how K.S.A. 22-3716(d) should be applied. But Henderson also offers no explanation as to why the subsection ought to be considered jurisdictional. Those failures are tantamount to presenting no argument—simply reciting a legal idea as if it were the law doesn't make it so. *State v. Angelo*, 306 Kan. 232, 236, 392 P.3d 556 (2017) (not citing authority or explaining why point is sound despite lack of authority akin to failing to brief and amounts to abandonment of issue); *State v. Gleason*, 277 Kan. 624, 655, 88 P.3d 218 (2004).

On its face, K.S.A. 22-3716(d) looks to be a statutory counterpart to the constitutional due process protection recognized in *Hall* and *Haines*. That is, it offers the district court a device to provide some measure of relief to a defendant when the State unreasonably dawdles in executing an arrest warrant for a probation violation. If the lapse of time is considerable and the defendant's conduct is otherwise reasonably law-abiding, the district court could credit some or all of the time between the filing of the warrant and the defendant's arrest against the probation term. As we have said, in some instances, the defendant would then satisfy the probation. But nothing in K.S.A. 22-3716(d) obligates a district court to make that sort of adjustment.

Consideration of an adjustment under K.S.A. 22-3716(d) is no more jurisdictional than is a due process claim under *Hall* and *Haines*. Here, the lawyer representing

5

Henderson on the probation revocation obviously considered a due process argument, concluded it was unlikely to succeed, and weighed that professional judgment along with the considerable benefit to Henderson in the negotiated disposition with a joint recommendation that the district court halve the original prison sentence. See K.S.A. 22-3716(c)(1)(C), (c)(7)(B). Henderson's lawyer expressly waived the due process claim. See *State v. Hargrove*, 48 Kan. App. 2d 522, 534-35, 293 P.3d 787 (2013). And at the very least, his failure to raise K.S.A. 22-3716(d) forfeited the allied statutory claim. See *State v. Perales*, No. 125,690, 2023 WL 8664562, at *3 (Kan. App. 2023) (unpublished opinion) (criminal defendant may forfeit right by failing to assert it).

Henderson has not presented any viable assertion of error in the disposition of his probation revocation.

Affirmed.